OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the petition dismissed and the order of the Conciliation and Appeals Board reinstated.
The garage rental term to which the tenant objects is the same term that was included in the original lease. Since the landlord is only obligated to offer renewal “on the same conditions as the expiring lease” (Code of Rent Stabilization Association of New York City, Inc., § 60), the landlord’s inclusion in the lease of the garage clause presents no violation of the law.
The fact that the tenant preliminarily had the opportunity of renting or not renting the garage space and thus of including or not including the garage rental term in the original lease is irrelevant. The statute focuses on the *716 terms actually in the lease and not those terms or options discussed or rejected during the initial negotiations.
Although the broad purpose of the Rent Stabilization Law is to protect the interests of tenants, the means adopted is stabilization or “freezing” of the terms of existing rental agreements. This affords a measure of protection to both parties by permitting the tenant to renew the lease on its original terms, with limited statutory adjustments, while protecting the landlord against the loss of the contractual rights for which it originally bargained. Under such a scheme, a tenant seeking the benefits of the statute may not pick and choose only those conditions which he or she continues to find convenient or advantageous.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, with costs, petition dismissed and order of the board reinstated in a memorandum.