Simons, J.
(dissenting). The order of the Appellate Division should be affirmed. The majority has substituted its judgment for that of the agency charged with administering the rent control laws contrary to familiar rules limiting the scope of the courts’ review of administrative determinations.
The New York City Conciliation and Appeals Board (CAB) is the administrative body charged with the responsibility of interpreting the provisions of leases and applying the rent stabilization laws to them (see Rent Stabilization Law [Administrative Code of City of New York], § YY51-6.0). The Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code), was adopted to implement that law and pursuant to section 60 of it, the landlord of rent-stabilized premises is required to offer a tenant a renewal lease on the same terms as the expiring lease except for authorized rent increases. Applying that provision, the Conciliation and Appeals Board determined the rent applicable to the leasehold in this case by reference to a statutorily fixed base rent, i.e., the rent chargeable May 31, 1968, and ordered the landlord to renew the lease for the term commencing in 1978 on the same terms. Finding that the lease in existence in 1968 granted two months’ free rent at the commencement of the term, the board ordered renewal of the tenant’s lease on the same terms.
The CAB is the agency empowered to construe the provisions of the Rent Stabilization Law and the courts are obliged to accord due weight to its decisions (Fresh Meadows Assoc. v New York City Conciliation & Appeals Bd., 55 AD2d 559, 560, affd 42 NY2d 925). Consequently, the CAB’s determination interpreting the lease terms and section 60 of the Rent Stabilization Code must be upheld by the court if it has support in the record, a reasonable basis in law, and is not arbitrary or capricious (Matter of Park East Land Corp. v Finkelstein, 299 NY 70, 75). It is not for the courts to search out the appropriate interpretation of these provisions, for once a rational basis for the adminis *491 trative agency’s determination is exposed, the judicial function is exhausted.
Here the CAB concluded that section 60 of the code requires that an owner renew a lease on the same conditions as the expiring lease, including a concession of free rent for the first two months of the lease term. This construction of section 60 has a reasonable basis in law because it is founded upon the literal wording of the statute which explicitly requires renewals on identical terms. Further, the CAB’s decision to view the rider containing the renewal as part of the lease agreement has a rational basis, notwithstanding the fact that it spoke of the giving of possession and assumption of occupancy. The rider was physically annexed to the lease and, as the majority concede, must be considered a part thereof. Interpretation of the instrument’s terms was a matter for the agency’s expertness (see Matter of David v New York City Conciliation & Appeals Bd., 59 NY2d 714; Matter of Park East Land Corp. v Finkelstein, supra), and inasmuch as the construction placed upon them was not irrational, the court must abide by it. A contrary rule would produce needless additional litigation and force this court to second-guess administrative disputes.
Judges Jasen, Jones and Meyer concur with Judge Kaye; Judge Simons dissents and votes to affirm in a separate opinion in which Chief Judge Cooke and Judge Wachtler concur.
Order reversed, with costs, and petition granted.