OPINION OF THE COURT
Laurie L. Lau, J.
Petitioners commenced the instant holdover summary pro *250 ceeding to evict respondents following their failure to vacate their apartment after the service of a 30-day notice which terminated their tenancy. The parties, all of whom are represented by counsel, have agreed that whether petitioners may evict respondents on this ground is a matter of law to be determined by the court. The facts are not in dispute and the parties submitted a stipulation of those facts.
The facts of primary importance are that respondents’ apartment was made subject to the Rent Stabilization Law solely as a condition of petitioners receiving a tax benefit pursuant to RPTL 421-a and that the tax benefit expired on December 9, 1992.
The novel issue to be determined by the court is whether or not petitioner may now evict respondents from the apartment on the grounds that they are month-to-month tenants or whether respondents remained protected tenants under the Rent Stabilization Law notwithstanding the fact that the condition of such protection expired.
Respondents occupy apartment 3 (apartment) in a building located at 178 Bay 13th Street in Brooklyn (building). The building contains three dwelling units. The prior owner of the building obtained a certificate of eligibility of tax exemption on December 9, 1982 from the Department of Housing Preservation and Development pursuant to RPTL 421-a (421-a exemption). The period of the 421-a exemption was from December 9, 1982 through December 9, 1992.
Respondents entered into occupancy of the apartment pursuant to an initial one-year lease, dated October 1, 1985. Their lease was renewed from time to time as it expired during the period of the 421-a exemption. Their last lease expired October 1, 1994. It was not renewed. None of the leases contained any notice to respondents that the building was subject to the 421-a exemption or that the apartment would no longer be subject to the Rent Stabilization Law following the expiration of the 421-a exemption. All of the leases were provided in accordance with the Rent Stabilization Law with increases based upon guidelines in effect at the time of each renewal.* Petitioners properly served the 30-day notice terminating respondents’ tenancy in accordance with RPAPL 735 and respondents have submitted to the personal jurisdiction of the court.
*251 RPTL 421-a (2) (f) provides:
"Notwithstanding the provisions of any local law for the stabilization of rents in multiple dwellings or the emergency tenant protection act of nineteen seventy-four, the rents of a unit shall be fully subject to control under such local law or such act, unless exempt under such local law or such act from control by reason of the cooperative or condominium status of the unit, for the entire period during which the property is receiving tax benefits pursuant to this section for the period any such applicable law or act is in effect, whichever is shorter. Thereafter, such rents shall continue to be subject to such control to the same extent and in the same manner as if this section had never applied thereto, except that such rents shall be decontrolled if:
"(i) with respect to units subject to the provisions of this section on the effective date of this subparagraph such a unit becomes vacant after the expiration of such ten year period or applicable law or act; provided, however, that such units may be decontrolled pursuant to the rent regulation reform act of 1993 and provided further that the rent shall not be decontrolled for a unit which the commissioner of housing and community renewal or a court of competent jurisdiction finds became vacant because the landlord or any person acting on his behalf engaged in any course of conduct, including but not limited to, interruption or discontinuance of essential services which interfered with or disturbed or was intended to interfere with or disturb the comfort, repose, peace or quiet of the tenant in his use or occupancy of such unit, and, that upon such finding in addition to being subject to any other penalties or remedies permitted by law, the landlord of such unit shall be barred from collecting rent for such unit in excess of that charged to the tenant who vacated such unit until restoration of possession of such tenant, if the tenant so desires, in which case the rent of such tenant shall be established as if such tenant had not vacated such unit, or compliance with such other remedy, including but not limited to, all remedies provided for by the emergency tenant protection act of nineteen seventy-four for rent overcharge or failure to comply with any order of the commissioner of housing and community renewal, as shall be determined by the commissioner of housing and community renewal to be appropriate; provided, however, that if a tenant fails to accept any such offer of restoration of possession, such unit shall return to rent stabilization at the previously regulated rent; or
*252 "(ii) with respect to units which become subject to the provisions of this section after the effective date of this sub-paragraph, such tax benefit period as provided in the opening paragraph of this paragraph or applicable law or act shall have expired and either each lease or renewal thereof for such unit for the tenant in residence at the time of such decontrol has included a notice in at least twelve point type informing such tenant that the unit shall become subject to such decontrol upon the expiration of such tax benefit period as provided in the opening paragraph of this paragraph or applicable law or act and states the approximate date on which such tax benefit period as provided in the opening paragraph of this paragraph is scheduled to expire; or such unit becomes vacant as provided under subparagraph (i) of this paragraph.”
This subdivision was enacted in 1985 (L 1985, ch 289) and explicitly provided the manner in which an apartment subject to rent regulation solely because of a section 421-a tax benefit could be deregulated. Indeed, section 8 of chapter 289 provided in pertinent part: "[T]his act shall apply to any tenant in physical possession of an apartment covered by the provisions of such section, whether or not tax exemption or abatement benefits shall have previously ended, regardless of whether any action or proceeding to evict such tenant is pending and regardless of whether a warrant of eviction for such tenant has been issued and shall also apply to tenancies commencing thereafter.”
Section 2520.11 (p) of the Rent Stabilization Code (9 NYCRR) was promulgated by the Division of Housing and Community Renewal pursuant to the mandates of the amendments to the RPTL as it was amended. It provides exemption from rent stabilization as follows:
"(p) housing accommodations in buildings completed or substantially rehabilitated as family units on or after January 1, 1974 or located in a building containing less than six housing accommodations, and which were originally made subject to regulation solely as a condition of receiving tax benefits pursuant to section 421-a of the Real Property Tax Law, as amended, and:
"(1) the housing accommodations which were subject to the RSL pursuant to section 421-a became vacant; or
"(2) for housing accommodations which first became subject to the rent stabilization requirements of section 421-a after July 3, 1984, where each lease and each renewal thereof of *253 the tenant in occupancy at the time the period of tax exemption pursuant to section 421-a expires, contains a notice in at least 12-point type informing such tenant that the housing accommodation shall become deregulated upon the expiration of the last lease or rental agreement entered into during the tax benefit period and states the approximate date on which such tax benefit period is scheduled to expire.”
The statute as well as the regulations which were promulgated to effectuate that statute are clear and unambiguous. Thus, the apartment only could be deregulated if respondents vacated the apartment or if petitioners provided respondents with notice, in all of their leases in 12-point type, that the building was receiving the 421-a exemption, due to expire on or about December 9, 1992 and thereafter the building and the apartment no longer would be subject to the protections of the Rent Stabilization Law and Code.
Petitioner urges the court to consider the fact that the building contains three dwelling units and it would not otherwise be subject to rent stabilization once the 421-a exemption expired. RPTL 421-a (2) (f), however, provides for deregulation of an apartment only upon the happening of certain specified events. It does not take into account the number of dwelling units in a building that received a 421-a exemption. When statutes describe particular situations in which it is to apply and no qualifying exception is added, irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded. (Alonzo M. v New York City Dept. of Probation, 72 NY2d 662 [1988].) The court, therefore, may only conclude that the Legislature mandated that notice is absolutely required, regardless of the number of dwelling units in a building subject to the Rent Stabilization Law by virtue of a section 421-a tax benefit before that tenant lost the protections afforded by the Rent Stabilization Law.
Accordingly, this court finds that the apartment remains subject to rent stabilization since petitioners concededly never provided respondents with notice in any of their leases either of the existence of the 421-a exemption or the fact that the expiration of the 421-a exemption would result in the expiration of any protection of them under the Rent Stabilization Law.
Having found that the apartment is subject to rent stabilization, the court dismisses this holdover summary proceeding. Respondents are rent-stabilized tenants and, as such may only *254 be evicted on grounds specified in the Rent Stabilization Code. (512 E. 11th St. HDFC v Grimmet, 181 AD2d 488 [1st Dept 1992], appeal dismissed 80 NY2d 892 [1992].) The Rent Stabilization Code does not permit termination of tenancy on the grounds upon which petitioners commenced this proceeding.

 The court has not reviewed the rent, itself, and makes no ruling on whether the rents otherwise were lawful.