OPINION OF THE COURT
Per Curiam.
Order entered July 10, 1996 affirmed, with $10 costs.
Having prevailed on the merits of the underlying nonpayment proceeding, the petitioner landlord seeks recovery of attorney’s fees on the basis of an attorney’s fee provision which, while appearing (inconspicuously at paragraph 20 on the fourth of five pages) in the parties’ 1985 stabilized renewal lease, was undisputedly absent from the parties’ initial 1982 stabilized lease. We agree with Civil Court that the landlord’s inclusion in the renewal lease of a new provision purporting to authorize its recovery of attorney’s fees violated the requirements of Rent Stabilization Code (9 NYCRR) § 2523.5 (a) that any renewal lease be on the same terms and conditions as the expiring lease, and was of no legal effect (see, Matter of David v New York City Conciliation & Appeals Bd., 59 NY2d 714). The counsel fee provision contained in the renewal lease clearly sought to create a new tenancy obligation not expressed in the earlier lease, and thus was contrary to the statutory framework. This is so despite landlord’s argument that any right to attorney’s fees conferred upon it in the renewal lease would be made reciprocal to the tenant by statute (see, Real Property Law § 234). A stabilized tenant is entitled to a renewal lease substantially similar to the expiring one, and may not be forced to accept any new term or condition, even one that potentially may prove to be a benefit to the tenant.
It need be emphasized that the record provides no support for a finding that the tenant somehow accepted or ratified the counsel fee provision added by the landlord, sub rosa, to the renewal lease. Absent is any indication that the landlord directed the tenant’s attention to the presence of the attorney fee provision prior to execution of the renewal lease or, indeed, at any time. ”[I]t should not be necessary for a tenant to do a microscopic analysis of the new lease, together with a study of the law of landlord and tenant * * * in order to determine whether the terms and conditions offered are [as favorable as those in] the expiring one.” (Mehlman Mgt. Corp. v Meyers, 51 AD2d 949, 950, lv denied 40 NY2d 807.) Nor is it of any mo *996 ment that tenant is an attorney, since "the recognized inequality at the bargaining table between landlord and tenant” (Cier Indus. Co. v Hessen, 136 AD2d 145, 150) obtains regardless of the tenant’s knowledge of the law. Further, to the extent that this tenant was aware of the attorney fee provision at the time of the commencement of the underlying nonpayment proceeding, her litigation conduct negates any inference of a "ratification” of such a provision. Significant in this regard is the fact that the tenant, while opposing the landlord’s entitlement to attorney’s fees, did not affirmatively seek a recovery of attorney’s fees of her own, either in her verified answer or in her renewed submissions on the parties’ respective motions for summary judgment.
Finally, we do not read the reservation of rights provision of the parties’ September 14, 1995 stipulation as independently creating a contractual basis for attorney’s fees not otherwise available. The handwritten stipulation merely provided that "Each party reserves their [sic] right to legal fees”. Properly construed against the landlord, its drafter,, that language should not be stretched beyond its obvious, albeit inartfully expressed intention: to preserve and postpone resolution of any viable claim for legal fees that either side may have possessed.