■ EAST ELEVENTH STREET ASSOCIATES, Appellant, v NANCY BRESLOW, Respondent, et al., Respondents. [681 NYS2d 274] —Order, Appellate Term of the Supreme Court, First Department (Freedman and Davis, JJ.; McCooe, J. P., dissenting), entered October 20, 1997, which affirmed an order of the Civil Court, New York County (Howard Malatzky, J.), entered July 10, 1996, in a nonpayment summary proceeding, denying petitioner landlord's motion for attorney's fees and sanctions, unanimously affirmed, without costs.

We agree with the Civil Court and the majority at the Appellate Term (174 Misc 2d 994) that the attorney's fee provision in the renewal lease runs afoul of the requirement that renewal leases be "on the same terms and conditions" as the expired lease (Rent Stabilization Code [9 NYCRR] § 2522.5 [g]), and that it makes no difference that such provision, in conjunction with the reciprocal rights provided by Real Property Law § 234, potentially could have benefitted the tenant. Moreover, assuming arguendo that Rent Stabilization Code § 2520.13 does not prohibit a tenant's waiver of this requirement, such a waiver may not be inferred from the tenant's mere silence after receiving the renewal lease (*see, Courtney-Clarke v Rizzoli Intl. Publs.*, 251 AD2d 13), and there is otherwise no record support for a finding of waiver. Nor is there a basis for finding that the tenant ratified the attorney's fee provision or should be estopped from challenging it. As the Appellate Term majority

held, the parties' stipulation to " 'reserve * * * their right to legal fees' " merely preserved whatever viable claim to such fees that either side may have possessed, and did not create a right to such fees not otherwise available (*supra,* at 996). We perceive no basis for an award of sanctions against the tenant. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ. [*See,* 174 Misc 2d 994.]