*558 OPINION OF THE COURT
Lucy Billings, J.
I. Background
Petitioner landlord commenced this holdover proceeding to recover possession of 211 Front Street, New York County, on the ground that respondent tenant’s lease has expired. Respondent moves to dismiss the petition, claiming his tenancy is rent stabilized, and therefore expiration of his lease is not a permissible ground on which to terminate his tenancy. He bases his claim to rent stabilization on petitioner’s failure to include a necessary clause in each renewal lease entered during the period tax exemption or abatement benefits were granted under Administrative Code of the City of New York §§ 11-243 and 11-244. As discussed below, the court grants the motion to dismiss the petition, based on petitioner’s failure to include a necessary clause in respondent’s renewal leases.
In assessing respondent’s motion to dismiss the petition on the ground that the facts alleged establish his rent-stabilized status as a matter of law, the court must determine whether, accepting the petition’s factual allegations as true, petitioner can succeed upon any reasonable view of the alleged facts. (Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995].) It is undisputed that respondent took possession of the premises when it was not subject to rent stabilization. During the period the premises received tax benefits pursuant to Administrative Code §§ 11-243 and 11-244, his tenancy was covered by rent stabilization. (Rent Stabilization Law of 1969 [Administrative Code] § 26-504 [c]; 28 RCNY 5-03 [fl [1], [3]; Green Props. v Warr, NYLJ, Apr. 22, 1998, at 26, col 3 [Civ Ct, NY County], affd, NYLJ, Apr. 22, 1999, at 28, col 2 [App Term, 1st Dept].) Upon expiration of the tax benefits, petitioner maintains the tenancy reverted to the unregulated status in effect before the tax benefit period.
II. Renewal Leases
Administrative Code § 26-504 (c) provides that the Rent Stabilization Law applies to:
“Dwelling units in a building or structure receiving the benefits of section 11-243 or section 11-244 of the code * * * Upon the expiration or termination for any reason of the benefits of section 11-243 or section 11-244 of the code * * * any such dwelling unit shall be subject to this chapter until the occurrence of the first vacancy of such unit after such *559 benefits are no longer being received or if each lease and renewal thereof for such unit for the tenant in residence at the time of the expiration of the tax benefit period has included a notice in at least twelve point type informing such tenant that the unit shall become subject to deregulation upon the expiration of such tax benefit period and states the approximate date on which such tax benefit is scheduled to expire.” (Emphasis supplied; see also, Rent Stabilization Code [9 NYCRR] § 2520.11 [o] [2]; 28 RCNY 5-03 [f] [3] [i].)
Thus, upon expiration of tax exemption or abatement benefits to respondent’s premises, they remain rent stabilized throughout his tenancy unless each renewal lease he entered during the tax benefit period included a notice explaining the premises’ rent-stabilization status and giving an approximate date when the benefits were scheduled to expire. (Avon Bard Co. v Levine, NYLJ, Apr. 19, 1999, at 28, col 5 [App Term, 1st Dept]; 1438 Third Ave. Assoc. v Billan, NYLJ, June 11, 1999, at 31, col 5 [Civ Ct, NY County]; Giannattasio v Cialini, 165 Misc 2d 249, 253 [Civ Ct, Kings County 1995].)
When respondent took possession of the premises, it was not subject to rent stabilization, and petitioner had not yet applied for the tax benefits. Therefore the original lease could not and was not required to give notice that the unit would become destabilized upon expiration of the benefits or give the approximate date they would expire. (1438 Third Ave. Assoc. v Billan, NYLJ, June 11, 1999, at 31, col 5, supra.)
It is undisputed, however, that petitioner also did not give the specified notice in each of respondent’s renewal leases during the tax benefit period. Petitioner argues that none of the renewal leases could include this notice either, because a landlord cannot vary the terms of a renewal lease from the expiring lease, citing 9 NYCRR 2522.5. (See, Matter of Century Operating Corp. v Popolizio, 60 NY2d 483, 487 [1983]; Matter of David v New York City Conciliation & Appeals Bd., 59 NY2d 714, 715-716 [1983]; East Eleventh St. Assocs. v Breslow, 256 AD2d 110 [1st Dept 1998].)
9 NYCRR 2522.5 (g), however, qualifies that prohibition. Subdivision (g) provides that a renewal lease for a rent-stabilized tenancy must be on the same terms as the expiring lease, except where a change is necessary:
“to comply with a specific requirement of law or regulation applicable to the building or to leases *560 for housing accommodations subject to the RSL * * * Nothing herein may limit the inclusion of authorized clauses otherwise permitted by this Code * * * not contained in the expiring lease.”
Thus, inclusion of the notice in respondent’s renewal leases was permitted on several grounds. First, if upon the tax benefits’ expiration petitioner sought to free respondent’s premises from rent stabilization, she needed to comply with the specific requirements of the statute (Administrative Code § 26-504 [c]), and the regulations (9 NYCRR 2520.11 [o] [2]; 28 RCNY 5-03 [f] [3] [i]), regarding the notice in renewal leases explaining the premises’ rent-stabilization status and its expiration. These requirements were applicable both to the building, based on its receipt of the tax benefits, and to the renewal leases for respondent’s housing accommodations, which were subject to the Rent Stabilization Law at the time of the renewals. Moreover, even if compliance with the notice requirements was not considered necessary, the inclusion of a notice in the renewal leases that was not contained in the expiring lease was certainly permitted, indeed specifically authorized, by Administrative Code § 26-504 (c).
The requirement that the landlord of a rent-stabilized unit offer a renewal lease on the same terms as the expiring lease (9 NYCRR 2522.5) is intended to protect tenants. Neither that regulation nor any other provision of the Rent Stabilization Law proscribes a landlord from offering a tenant more protective terms in a renewal lease than were in the expiring lease. (Manocherian v Williams, 118 Misc 2d 212, 215 [Civ Ct, NY County 1983]; 1202 Ave. U Realty Corp. v DiPietro, NYLJ, Sept. 3, 1997, at 25, col 3 [Civ Ct, Kings County].) The purpose of the notice pursuant to Administrative Code § 26-504 (c) is to alert tenants, before entering a lease or lease renewal for a unit they assume to be rent stabilized, that after the tax benefits to the premises expire, the tenants may be subject to market rents and evicted for reasons prohibited by the Rent Stabilization Law. (Green Props. v Warr, NYLJ, Apr. 22, 1998, at 26, col 3, affd NYLJ, Apr. 22, 1999, at 28, col 2, supra; 1438 Third Ave. Assoc. v Billan, NYLJ, June 11, 1999, at 31, col 5, supra; Giannattasio v Cialini, 165 Misc 2d, supra, at 253.) To the extent this notice is designed to protect tenants from entering a renewal lease without full awareness that their rights to rent stabilization may be removed in the future, the notice would be a permissible addition to the renewal lease even without the explicit authorization in 9 NYCRR 2522.5 (g).
*561 Finally, Administrative Code § 26-504 (c) expressly provides for destabilization only when the landlord has taken precisely delineated steps. When a statute specifies the precise situation where the statute is to apply, without qualification, the court is not at liberty to add a qualification. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; Matter of Jose R., 83 NY2d 388, 394 [1994]; Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665-666 [1988]; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208-209 [1976].) Section 26-504 (c) provides that, after receiving tax benefits, a unit will remain rent stabilized throughout the current tenant’s occupancy unless each renewal lease during the tax benefits period included a notice explaining the rent-stabilization status and giving an approximate date when the benefits were to expire. The statute does not provide an exception where the notice would constitute a variance from the original lease terms. Therefore the court may only conclude that, if a landlord seeks to destabilize a unit, she must provide the notice required by the statute (Administrative Code § 26-504), regardless whether the notice is a variance from the original lease as contemplated by the regulation (9 NYCRR 2522.5 [g]).
III. Conclusion
Accepting petitioner’s allegations as true, no reasonable view of those facts states a cause of action under the applicable statutory and regulatory provisions. Respondent’s unit remains subject to rent stabilization, as petitioner admits she never provided, in any of his renewal leases, a notice that the rent-stabilization protections were dependent on the tax exemption or abatement benefits, which were scheduled to expire. Because respondent, as a rent-stabilized tenant, may not be evicted upon expiration of his lease, the ground alleged in the petition, the court grants his motion to dismiss.