(March 30, 2000)

■ Marianne Nestor et al., Appellants-Respondents, v Thomas Britt, Respondent-Appellant, et al., Respondents. [707 NYS2d 11] —Order of the Appellate Term of the Supreme Court, First Department, entered June 30, 1998, which, *inter alia,* modified a judgment of the Civil Court, New York County (Howard Malatzky, J.), entered on or about September 9, 1996, only to the extent of reducing the award of attorneys' fees to respondent tenant from $425,000 to $265,000 and remanding the matter to Civil Court for calculation of prejudgment interest thereon from April 13, 1994, the date on which judgment of possession was directed to be entered in respondent's favor, unanimously affirmed, with costs.

After a judgment of possession in favor of petitioner landlords in this owner-occupancy proceeding was reversed by Appellate Term, respondent tenant moved for an award of attorneys' fees. In support of his motion, he relied on a 1983 rent stabilized lease between the parties that included an attorneys' fee provision in favor of the landlord and expressly gave the tenant the right to recover attorneys' fees if he prevailed in the defense of an action by the landlord "to the extent provided by Real Property Law § 234".

Petitioners argue that the award of attorneys' fees to respondent should be reversed in its entirety because the 1983 lease is not controlling; they contend that a 1970 lease, which they allege was rent stabilized, although it contains no language to that effect, made no mention of attorneys' fees, rendering the attorneys' fee provision of the 1983 lease violative of Rent Stabilization Code (9 NYCRR) § 2522.5 (g), which requires a rent stabilized renewal lease to be offered "on the same terms and conditions as the expired lease" (*see, East Eleventh St. Assocs. v Breslow,* 256 AD2d 110).

On the present record, the rent stabilized status of the 1970 lease has not been established and, accordingly, neither has the applicability of Rent Stabilization Code § 2522.5 (g) to invalidate the reciprocal attorneys' fee provisions in the 1983

lease. In any case, petitioner landlords are estopped from relying on the 1970 lease to prove the invalidity of the 1983 lease's attorneys' fee provisions. Petitioners relied on the 1983 lease before, during and after the trial of the underlying owner occupancy proceeding. Their predicate notice of non-renewal, while not specifying a particular lease, referenced a clause on its face corresponding to the 1983 lease, and not the 1970 lease. The petition sought relief, including attorneys' fees, pursuant to a 1987 lease extension, which referenced the 1983 lease. After trial, petitioners relied on the 1983 lease in support of their own attorneys' fee claim. Petitioners attempted to jettison the 1983 lease only after the adverse order of the Appellate Term. "Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding" (*Maas v Cornell Univ.*, 253 AD2d 1, 5, *affd* 94 NY2d 87). Having employed the 1983 lease as the exclusive contractual predicate for the relief sought in their petition and, indeed, as the predicate for their legal fee claim, petitioners may not now, based on a reversal of their legal fortunes, seek to invalidate provisions of that lease by relying upon an earlier lease the provisions of which they have belatedly discovered are more to their liking (*see, Karasik v Bird*, 104 AD2d 758).

While an attorneys' fee award was authorized by the 1983 lease, we agree with Appellate Term that the award made by Civil Court was excessive and find Appellate Term's reduction of the award to have been proper (*see, Matter of Rahmey v Blum*, 95 AD2d 294, 300). Also proper was Appellate Term's award of prejudgment interest (*see, e.g., 119 Fifth Ave. Corp. v Berkhout*, 135 Misc 2d 773).

We have considered the parties' other arguments for affirmative appellate relief and find them unavailing. Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Friedman, JJ.