OPINION OF THE COURT
Per Curiam.
Orders, entered, respectively, April 14, 2010 and August 5, 2010, affirmed, with one bill of $10 costs.
We agree, essentially for reasons stated by Civil Court, that petitioner landlords are barred from maintaining the within owner use holdover proceeding based upon their demonstrated failure to comply with the equivalent housing requirements of Rent Stabilization Code (9 NYCRR) § 2524.4 (a) (2). The cited Code section requires a landlord seeking to recover a stabilized apartment for personal use to offer an elderly or disabled tenant “lawfully occupying” the unit “an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area.” As the motion court properly recognized, the landlords’ offer to the elderly tenant of any number of unregulated “market” apartments did not satisfy their statutory obligation to offer tenant “an equivalent or superior housing accommodation at the same or lower regulated rent” (Rent Stabilization Code § 2524.4 [a] [2] [emphasis added]; see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511 [c] [9] [b] [“same or lower stabilized rent”]), a requirement which plainly presupposes that the proposed alternative housing unit itself be covered by rent stabilization. For purposes of the Code’s owner use provisions, *7 the displacement of an elderly or disabled tenant from a regulated apartment covered by the full panoply of protections provided by rent stabilization and the relocation of that tenant to an unregulated apartment does not serve to provide the tenant with the requisite “equivalent or superior” housing situation, and this irrespective of whatever financial or tenancy terms may be agreed upon by the tenant and the building owners involved (see generally 546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 12 [2007] [parties to a tenancy not otherwise subject to rent stabilization may not contract into the statutory scheme]).
It may be, as landlords argue, that the offer of an equivalent or superior stabilized housing unit in close proximity to tenant’s Upper East Side triplex apartment is not, realistically speaking, “an option in the current real estate market.” However, the remedy proposed by landlords — that the elderly tenant be relocated to an “equivalent” unregulated apartment, with the assurance that landlords would “subsidize” him by paying a “stipend” covering the difference between the tenant’s current stabilized rent and the market rent of the new apartment — is not, from a legal perspective, an option authorized by the governing regulation. Had the drafters of the Code intended to adopt such an expansive relocation procedure, they could have included appropriate language to that effect, of the kind found elsewhere in the Rent Stabilization Code (see 9 NYCRR 2524.5 [a] [2] [ii] [tenant’s relocation upon demolition of building]). We reject, as did Civil Court, the landlords’ strained attempt to read the relocation provisions of section 2524.5 (a) (2) — by terms made applicable only where a landlord seeks to demolish a building upon DHCR approval — into the owner use requirements set forth in section 2524.4 (a) (2) (see Pultz v Economakis, 10 NY3d 542, 548 [2008]).
Finally, tenant achieved “prevailing party” status in successfully defending against the landlords’ eviction claim, and thus is entitled to recover reasonable attorney’s fees pursuant to the governing 1983 lease agreement and the reciprocal provisions of Real Property Law § 234 (see Nestor v Britt, 270 AD2d 192 [2000]).
Schoenfeld, J.E, Hunter, Jr. and Torres, JJ., concur.