OPINION OF THE COURT
Carl O. Callender, J.
This illegal lock-out claim basically raises the question of whether city policy overrides the statutory and case law requirements regarding unlawful evictions. The respondent City of New York essentially contends that if an abandonment case has been made according to city policy that is an efficient basis for taking over the apartment, changing the lock and refusing further access to the person claiming possession. These steps are permitted to be taken without use of the *223 courts. In the instant case the petitioner was locked out by the respondent. The respondent admits that it forced entry to the apartment, changed the locks and denied access to the respondent. It contends however that the reason it did so was because the petitioner had abandoned the premises according to standards set up by city policy. Hence, no court intervention was required to evict a tenant under such circumstances.
The petitioner’s unrefuted testimony is that she has lived in the subject premises since December 1991 until April 10, 1992, when she was evicted by the respondent. The City of New York counters that they sent her letters and visited the subject premises between January and March of 1992 and did not find her in the apartment and she failed to satisfactorily respond to their letters; therefore she could be evicted without court intervention consistent with city policy.
However, the law is unmistakeably clear. RPAPL 711 declares that a tenant includes any occupant or resident who has been in possession of the premises for 30 consecutive days or longer. It asserts further that such a person shall not be removed from possession except in a special proceeding.
The remedy of summary proceedings must be strictly construed to avoid termination. (See, Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [1984].) It must be remembered that the purpose of summary proceedings is to provide the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in situations where the tenant wrongfully holds over without permission. (See, New York Univ. v Farkas, 121 Misc 2d 643 [1983].) Further, the design of RPAPL 711 is to provide that an occupant who has been in possession for 30 consecutive days or longer as a tenant has a substantive right to that room or apartment by prohibiting his or her eviction except upon court order following a judicial proceeding. (See, Stiles v Donovan, 100 Misc 2d 1048 [1979].)
In the instant case, there was no relinquishment of keys or anything else that would evince a surrender of possession of the premises by the petitioner. Clearly there had been no relinquishment of control or dominion of the apartment manifested by the petitioner. It is not even argued by the respondent that the petitioner engaged in any activity that suggested a voluntary surrender of the premises.
The respondent’s sole claim is that since the petitioner never answered the mail left by them and failed to respond to the city’s unannounced visits, the respondent had a right to *224 treat the premises as abandoned and could evict the petitioner without court involvement. The Legislature and the courts say otherwise. (See, Fishel v Baronelli, Ltd,., 119 Misc 2d 625 [1983]; Precision Dynamics Corp. v Retailers Representatives, 120 Misc 2d 180 [1983]; South Ferry Bldg. Co. v 44 Wall St. Fund, 142 Misc 2d 54 [1988].) Not only does State law prohibit such activity, but the New York City Unlawful Evictions Law (Administrative Code of City of New York § 26-521 et seq.) also proscribes such conduct. It provides for criminal and civil penalties for the same kind of behavior that is evidently city policy, according to the city’s witness. The Unlawful Evictions Law says that it is unlawful to evict or attempt to evict an occupant except by a lawfully issued warrant of eviction or other order by a court by using force to vacate the unit. It should be noted that such conduct as changing the locks on the doors (which the city admittedly did in the instant case) constitutes a class A misdemeanor and the landlord could be subject to a civil penalty of not less than $1,000 nor more than $10,000. (See, Administrative Code §§ 26-521 — 26-529.)
RPAPL 853 makes it manifest that when a person is put out of real property in an unlawful manner, or, after he or she has been put out is held and kept out by unlawful means, he or she is entitled to recover treble damages. In the instant case the petitioner has proved and the respondent has admitted facts sufficient to sustain the claim of unlawful eviction. Accordingly, the petitioner would be entitled to recover treble damages. However, the court notes that no claim for such damages was pleaded.
Because of the respondent’s wrongful eviction of the petitioner, the petitioner Chinetta Mitchell is immediately restored to possession.