OPINION OF THE COURT
Pam B. Jackman-Brown, J.
This proceeding was brought by an order to show cause in lieu of petition which claims that the petitioners were illegally locked out from the premises located at 209-09A Hillside Avenue, apartment 9A, Queens Village, New York. Both the petitioner, Mrs. Asia Malik, and the respondent’s managing agents and superintendent testified at the trial held on July 18, 2002. The court makes the following findings of fact and conclusions of law.
On October 30, 2000, the landlord and tenants’ relationship was commenced with a one-year lease agreement for the subject stabilized apartment. Thereafter, a renewal lease for two years was executed for the period beginning November 1, 2001 and ending October 31, 2003. All rents are paid to date.
Sometime around July 2, 2002, there was a conversation between the petitioners and the respondent’s agent, Ms. Margaret Kochman, regarding vacating the apartment and terminating the lease as of July 15, 2002. However, there was no *182 agreement for the petitioners to terminate their lease. (See exhibit No. A.) On or about July 8, 2002, the petitioners could not gain entry into their apartment because the locks were changed. They tried to obtain the keys from the landlord but their request was denied.
The respondent concedes that the locks were changed and the keys were not turned over to the petitioners. However, the respondent argues that it did not turn over the keys because the petitioners abandoned and/or surrendered the apartment. Notably, these two theories are contradictory and inconsistent; therefore, they cannot be used alternatively. Incredibly, the superintendent testified that he heard the tenants vacated the apartment. He visited the apartment on July 15 to correct a leak and found the apartment door open. He looked around and saw that the apartment had no furnishings. He then changed the locks and secured the apartment. The respondent raised the issue of the petitioners buying a house in New Jersey. However, that issue is not properly before this court to determine whether the petitioners were illegally locked out of their apartment. It is worthy of note that the respondent relied partly on the petitioners buying a home in New Jersey. The mere fact that one has a second place of residence does not establish abandonment or surrender.
The respondent relied on two theories for changing the locks. However, the two theories are inconsistent. To abandon means “intent to abandon * * * and engaging] in some act or failure to act that indicates that the tenant no longer has an interest in the premises.” (See, Scherer, Residential Landlord-Tenant Law § 2:110; Bay Park Two Co. v Campionio, NYLJ, Sept. 23, 1992, at 26, col 4.) To surrender means “[a] tenant’s relinquishment of possession before the lease has expired, allowing the landlord to take possession and treat the lease as terminated.” (See, Black’s Law Dictionary 1458 [7th ed].)
The petitioners concede that they moved some of their belongings from the premises on July 6 and returned to the premises on July 8 when they discovered that the locks were changed. The respondent did not dispute that the locks were changed on July 8. A mere moving out of one’s belongings from the apartment and leaving the apartment for the weekend does not symbolize “no interest in the premise” to create an act of abandonment. Assuming that the petitioners removed all of their belongings from the apartment, the mere removal of belongings does not create an act of abandonment.
Paragraph 34 of the lease states that all notices with respect to the lease must be in writing. Therefore, any surrender must be in writing. There was no written notice by the petitioners surrendering the premises. In addition, the respondent was *183 disingenuous in its argument that the petitioners surrendered the leasehold on July 8 since its own agent indicated in writing on July 2 that the date to vacate was July 15 and further wrote that the lease is still in effect. Therefore, there was no relinquishment of possession on July 8.
Lastly, the lease was still in effect until October 31, 2003 and the rent was fully paid through July 31, 2002. Assuming there was a surrender, which this court does not so find, the petitioners were entitled to enter and retain the leasehold at least until July 31, 2002.
Based on the credible adduced testimony, the court finds that there was no abandonment or surrender of the premises by the petitioners. (See, Gill v Central Queens Props. Corp., NYLJ, June 27, 2001, at 20, col 4 [App Term, 2d Dept]; Johnson v Manning, NYLJ, Nov. 16, 1988, at 21, col 2 [App Term, 1st Dept]; Mitchell v City of New York, 154 Misc 2d 222 [Civ Ct, Bronx County 1992].) The respondent deliberately and unlawfully entered and detained the subject premises to its own right on July 8, 2002.
A final judgment of possession is issued in favor of the petitioners. The respondent shall restore the petitioners forthwith to possession.