*848 OPINION OF THE COURT
Bruce E. Scheckowitz, J.
The decision on this order to show cause to be restored in lieu of notice of petition is as follows:
Ebony McCormick moved by order to show cause to be restored to possession of 9 Halsey Street, 3A, Brooklyn, NY (premises). Both sides appeared through counsel. Petitioner testified that she is a veteran who was in the military from 2006 through 2008, until she received honorable medical discharge. Ms. McCormick suffers from respiratory issues, anxiety and depression related to her military service. Petitioner learned about the premises through Horace Bovell, a liaison at the United States Department of Veteran Affairs (VA) New York Harbor Health System, and moved into the premises on August 18, 2011. Petitioner alleged that she resided at 9 Halsey Street through November 27, 2012 when she was locked out without being afforded due process of law.
Sheila Jackson and Veronica Reid testified on behalf of respondent. Ms. Jackson explained that respondent, Resurrection Homes, is an entity operating under the umbrella of Black Veterans for Social Justice (BVSJ). Black Veterans for Social Justice is a not-for-profit organization which receives funding from the VA and assists homeless veterans in securing jobs and permanent housing. Respondent manages seven properties, including the premises. Ms. Jackson, who is a veteran, is employed by the Black Veterans for Social Justice and oversees the daily operations at the 9 Halsey Street as property manager. Ms. Jackson explained that petitioner is participant of the “VA Grant and Per Diem Program” (GPD), which houses homeless female veterans on a temporary basis.
As a requirement of the GPD program, petitioner signed a “VA grant and Per Diem Program Resident Contract” (resident contract) dated August 11, 2011 (respondent’s exhibit A), to which Horace Bovell is a signatory. Ms. Jackson stated that the VA provides the language of the resident contract and requires that Mr. Bovell sign each contract. The resident contract provides in pertinent part: “I understand that this placement is in the VA Grant and Per Diem Program. This is transitional housing, not permanent housing. Therefore, I waive my rights to section 232 A, B & C of New York State Real Estate Property Law.”
It is undisputed that respondent changed the locks to the premises on November 27, 2012 without providing prior notice *849 to petitioner or obtaining a court order permitting a New York City marshal or sheriff to execute upon a warrant of eviction. However, respondent argues that the resident contract permitted respondent to change the locks without court order. Furthermore, Ms. Jackson testified that petitioner had already vacated the premises prior to being locked out. Ms. Jackson claimed that petitioner had moved into an apartment at a location in the Rockaways (Rockaway apartment). She explained that she inspected the premises on October 19, 2012 when a radiator exploded in the apartment above. She stated that the premises were vacant, the headboard in the bedroom was broken and there was trash around the premises. She also represented that the bedding and kitchen utensils, that were part of a move in care package provided to the residents, had been removed.
Petitioner does not dispute that she has a lease for the Rock-away apartment, nor that she removed many of her belongings from the subject premises at 9 Halsey Street. Petitioner testified that she received a Veteran’s Administration Supportive Housing Voucher to help her relocate to the Rockaway apartment, and that she planned to move into the apartment in October 2012. She asserts, however, that as a result of the damage caused by Hurricane Sandy, which took place on October 29, 2012 and October 30, 2012, the Rockaway apartment is uninhabitable and she has been unable to move in. Petitioner explained that she never vacated the Halsey Street premises because she was waiting to do so once the Rockaway apartment became habitable again.
It is undisputed that petitioner was at the premises on November 16. Ms. Jackson claimed that petitioner had moved out and returned to the premises on a temporary basis until she could move to the Rockaway apartment. Ms. Jackson asserted that petitioner did not sign the sign-in sheet after November 17, 2012, which was required of all residents. Petitioner claimed that signing in had become onerous and expensive since the location of the sheet had moved off-site to the BVSJ office, a “2 fare zone,” and therefore she stopped signing in. Ms. Jackson testified that this requirement had changed starting November 6, 2012 pursuant to a directive from the VA. When Ms. Jackson informed Mr. Bovell that petitioner had not signed the sign-in sheet since November 17, 2012, he eventually instructed her to change the locks to the premises and take possession. It is undisputed that petitioner never surrendered the keys, nor expressly surrendered possession of the premises, to respondent.
*850 The court finds that petitioner never surrendered possession of the premises to respondent. Petitioner credibly testified that she was prepared to move to the Rockaway apartment but was unable to do so because of a weather related act beyond her control. Petitioner explained that as a result of Hurricane Sandy the Rockaway apartment was without power and the bathroom was inundated with mold spores, which exacerbated her respiratory system and caused an asthmatic reaction. While petitioner had performed acts in furtherance of moving to the Rockaway apartment, such as packing and moving some belongings from the premises, such acts did not rise to the level of an express surrender of possession of the premises by mutual agreement or operation of law. (See e.g. Matter of Wasserman v Ewing, 270 AD2d 427 [2d Dept 2000], Riverside Research Inst. v KMGA, Inc., 68 NY2d 689 [1986], and Malik v Hillside Clearview Apts. Realty, LLC, 192 Misc 2d 181 [Civ Ct, Queens County 2002].) Petitioner did not surrender the keys nor sign an agreement with respondent acknowledging vacatur. Therefore, the court rejects respondent’s argument that it was permitted to change the locks to the premises because petitioner had surrendered possession of the premises. The issue that remains before the court is whether (by virtue of the resident agreement) respondent was permitted to lock petitioner out of the premises without affording her due process of law.
Respondent maintains that the premises is a “de facto shelter” and that by signing the residence agreement petitioner had waived her right to a summary proceeding prior to being evicted. Specifically, respondent cites to paragraph 1 of the resident agreement which states that petitioner waives her statutory rights under Real Property Law §§ 232-a, 232-b and 232-c. Pertinent to this proceeding is Real Property Law § 232-a. Real Property Law § 232-a provides that a landlord is required to inform any person residing at the premises for over 30 days, in writing, that if he or she does not vacate the premises in 30 days the landlord will commence a summary proceeding to remove them from the premises.
Petitioner argues that the waiver provision is unenforceable as a matter of law and that respondent is required to commence a summary proceeding to regain possession of the premises. Both RPAPL 711 and Administrative Code of City of NY § 26-521 provide that an individual who has resided at a premises for 30 consecutive days or longer may not be removed from the premises without a special proceeding, warrant of eviction or court order.
*851 The court finds that provision in the resident agreement permitting self-help is unenforceable and that petitioner was illegally evicted from the premises without due process of law. RPAPL 711 and Administrative Code of City of NY § 26-521 are clear that any individual who resided at a premises from more than 30 days is entitled to due process of law prior to eviction. Here, respondent admittedly engaged in self-help without seeking a court order or the assistance of a New York City marshal or sheriff prior to removing petitioner from the premises. Respondent does not cite any authority that indicates that their particular housing accommodation is a special class of housing that is exempt from following these laws. Ms. Jackson also testified that respondent commenced a companion nonpayment proceeding against petitioner, Resurrection Homes v Ebony McCormick, under L & T index No. 86787/12. By filing the proceeding against Ms. McCormick respondent recognized her rights as a tenant at the premises.
The court also finds that the resident agreement is an unconscionable contract of adhesion — a contract drafted by a party with superior bargaining power and offered to a party who does not have the option of negotiating the terms. (See Finkle & Ross v A.G. Becker Paribas, Inc., 622 F Supp 1505 [SD NY 1985].) Recently, this court was presented with a similar issue in Davidson v House of Hope (NYLJ 1202579307267, Nov. 28, 2012; L & T 19600/12 [Civ Ct, Kings County 2012]). In Davidson, petitioner had signed a “Waiver of Tenant Rights” with respondent, a purported transitional support residence for men with mental impairment and substance abuse issues. The agreement provided that petitioner was not a tenant and did not have the right to stay at the property if asked to leave. This court found that the agreement was unenforceable because it ostensibly waived petitioner’s right to receive due process of law prior to being evicted. This court also rejected the respondent’s argument that as a transitional facility it had the right to evict petitioner without commencing a summary holdover proceeding because a typical landlord-tenant relationship had never been created.
The same determination was made by the court in Wright v Lewis (21 Misc 3d 1120[A], 2008 NY Slip Op 52106[U] [Sup Ct, Kings County 2008]). In Wright a residency agreement, in a two-family house in this county, provided that residents were not tenants of a room but were clients of a sober recovery residence and could be evicted without court process. The court
*852 found that the agreement was an unenforceable contract of adhesion because it contained terms that were unfair and arose from a disparity of bargaining power or oppressive tactics and waived the residents’ statutory tenancy rights. (Wright v Lewis, 21 Misc 3d 1120[A], 2008 NY Slip Op 52106[U], *11-12, quoting Matter of Love’M Sheltering, Inc. v County of Suffolk, 33 AD3d 923, 924 [2d Dept 2006]; see also Rock v Klepper, 23 Misc 3d 1103[A], 2009 NY Slip Op 50558[U] [Plattsburgh City Ct 2009].)
Here too respondent was required to act pursuant to the RPAPL and Administrative Code of City of NY. While the court acknowledges that Ms. Jackson and Ms. Reid had followed the orders of the VA and did not act on their own volition, such actions constituted an unlawful eviction. Although respondent receives federal funding from the VA, such funding does not permit respondent to engage in self-help evictions that contravene New York City laws. Respondent has not cited any relevant legal authority that holds that respondent is exempt from the statutory requirement of providing petitioner with due process of law prior to evicting her. (See Wims v Abraham Residence III, 184 Misc 2d 271 [Civ Ct, NY County 2000] [where the court ordered a community residence lawfully regulated by the New York State Office of Mental Health to remove tenants by lawful eviction only].)
Accordingly, the court awards petitioner a judgment restoring Ebony McCormick to possession of the premises located at 9 Halsey Street, 3A, Brooklyn, NY forthwith. Petitioner shall seek the assistance of the NYPD or a New York City sheriff or marshal in the event restoration is denied.