OPINION OF THE COURT
Susan F. Avery, J.
Consolidation
The above captioned proceedings are consolidated solely for purposes of the instant decision/order.
Procedural History
Petitioner commenced the instant harassment proceedings, by filing an order to show cause, notice of petition and petition with numerous documents annexed to the application (in each action). In support of each petition, the petitioner claims the respondent landlord[1] has harassed petitioner by unlawfully and forcibly evicting the petitioner from the subject premises without due process of law, preventing him and his guests from fully enjoying the premises and preventing him from receiving mail addressed to him at the subject premises. Mr. Ackerman, *869 the petitioner, states that the respondent used force and removed him and his possessions from the subject premises. Mr. Ackerman claims that the subject premises are 1120 48th Street, garden and basement apartments, Brooklyn, NY 11219. He alleges that the landlord refused to permit him reentry to the premises.
Respondent landlord[2] opposed the petitions and filed a cross motion in each action, seeking to dismiss each proceeding and for the imposition of sanctions against the petitioner and for legal fees.
Dismissal of Duplicate Proceeding
As the proceeding bearing index No. HP 6429/2016 was commenced subsequent to the commencement of the proceeding bearing index No. HP 6422/2016, and seeks identical relief, the proceeding bearing index No. HP 6429/2016 is dismissed as duplicative. Accordingly, this decision will address the issues as they are presented in the proceeding bearing index No. HP 6422/2016.
Summary Determination Requirement
This court has reviewed the submissions filed in the instant proceeding and heard argument on the parties’ positions. Having heard argument from the attorneys for all parties and having reviewed the parties’ submissions, and finding there are no issues of fact to be determined at trial, Civil Practice Law and Rules § 409 requires this court to issue a summary determination of the matter herein.[3]
*870 CPLR 409
CPLR 409 (b) requires that in a summary proceeding the court search the record and issue judgment. Specifically, CPLR 409 (b) reads as follows: “[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.” Accordingly, upon a search of the record, this court finds that there are no triable issues of fact to be determined at trial, and denies each petition and dismisses the proceedings.[4]
Factual Background
The premises that are the subject of this (and other actions herein mentioned) are a two-family dwelling.[5] Sometime in the year 2004, Mr. Ackerman entered into possession of the subject premises[6] (1120 48th Street, first floor apartment, Brooklyn, NY 11219) as an incident to his employment[7] as the live-in home health care aide of Mr. Wilhelm Haberman[8] who is 94 years of age[9] and a holocaust survivor.[10] Mr. Haberman has resided on the first floor of the premises (1120 48th Street, Brooklyn, NY 11219)[11] for over 50 years.[12] Ms. Sarah Berkowitz is Mr. Haberman’s daughter and she assists in tending to his affairs.[13]
At some point, Mr. Haberman and his family became dissatisfied with Mr. Ackerman’s services and terminated his *871 employment as Mr. Haberman’s live-in home health care aide.[14] As occupancy at the subject premises was incident to his employment, upon his termination, Mr. Ackerman was required to vacate the premises, which he did not immediately do.
The Licensee Holdover Proceeding
After Mr. Ackerman’s home health care services were terminated, he did not vacate the premises when requested.[15] Thereafter, the landlord commenced a licensee holdover proceeding seeking to remove Mr. Ackerman from the premises.[16]
The holdover proceeding was originally returnable on March 19, 2015; the proceeding was adjourned on several occasions, and on some occasions, at the request of Mr. Ackerman due to health reasons. By notice of motion dated June 3, 2015 and returnable on June 16, 2015 counsel for Mr. Ackerman sought to dismiss the proceeding.[17] The file does not contain a disposition for the June 16, 2015 appearance; however, by a stipulation dated June 15, 2015, the proceeding was adjourned to June 23, 2015 for “trial/traverse” and the motion was deemed “settled.” On June 23, 2015, the landlord appeared in court with witnesses, including the process server and, over the landlord’s objection, Mr. Ackerman’s attorney’s request for an adjournment was granted and the proceeding was adjourned to August 10, 2015. On August 10, 2015, at Mr. Ackerman’s attorney’s request, the proceeding was further adjourned until October 7, 2015 with a notation that the adjournment was “final!” (sic). On October 7, 2015 the matter was adjourned to October 29, 2015 with the notation “final for trial” (no exclamation point). The file does not contain a disposition for October 29, 2015. The matter proceeded to trial on November 5, 2015.
The matter was tried before Judge Sikowitz. Following the trial, Judge Sikowitz issued a decision dated November 5, 2015[18] finding that Mr. Ackerman’s license to occupy the premise had been terminated and provided for the issuance of a final judgment of possession in favor of the landlord. Mr. *872 Ackerman was evicted by City Marshal Ileana Rivera on April 28, 2016.[19]
Parenthetically, this court notes that unrebutted testimony at the trial included that Mr. Ackerman was abusive to Mr. Haberman,[20] harassed and yelled at Mr. Haberman,[21] threatened to destroy Mr. Haberman and threatened to put him “into the ground”;[22] and that Mr. Haberman was afraid of Mr. Acker-man, and as a result locks were installed on the bedroom doors at the premises, in an attempt to keep Mr. Haberman and Ms. Berkowitz safe from Mr. Ackerman’s tirades[23] and often, as a result of Mr. Ackerman’s frightening behavior, Ms. Berkowitz locked herself and her wheelchair bound father in his bedroom and sat with him until it seemed that they were no longer in danger of Mr. Ackerman.[24] Ms. Berkowitz’s testimony was found to be credible.[25]
Additional unrebutted testimony at trial was that Mr. Acker-man “hit” Ms. Berkowitz[26] and he tormented replacement home health care aides by entering the new aides’ rooms at the premises and sat on their beds, prevented them from sleeping and criticized them.[27]
In her posttrial decision, Judge Sikowitz noted that Mr. Ack-erman failed to appear in court on scheduled court dates, claiming to the court that he was too sick to attend the proceedings. The court notes that Mr. Ackerman appeared in court through his attorney, who only had authority to seek adjournments.[28] Mr. Ackerman’s attorney attended, but did not partici *873 pate in the trial.[29] Judge Sikowitz also noted in her decision that Mr. Haberman appeared “in the courtroom in a wheelchair.”[30]
A notice of appeal of Judge Sikowitz’s posttrial decision was filed at the Appellate Term on December 11, 2015.
Supreme Court Action
During the pendency of the holdover proceeding, Mr. Acker-man filed an action against Ms. Berkowitz and others, in Supreme Court in Kings County,[31] and obtained a stay of the Housing Court holdover proceeding.[32] In the Supreme Court action it was argued that the holdover proceeding was improper as the petitioners in that proceeding did not have title to the premises and therefore had no standing to maintain the action or be “restored” to possession. As the lack of standing defense could have been raised and litigated during the trial in the holdover proceeding, coupled with the issuance of the warrant of eviction, in a decision dated April 18, 2016, issued by Justice Paul Wooten, JSC, the Supreme Court stay was vacated and Mr. Ackerman’s Supreme Court action was dismissed.[33]
Appeal of the Supreme Court Action
In a decision dated June 7, 2016 the Appellate Division held:
“Motion by David Ackerman for leave to appeal to this Court from an order of the Supreme Court, Kings County .... and, inter alia, to restore him to possession of the subject premises, pending hearing and determination of the appeal . . .
“ORDERED that the branch of the motion which is for leave to appeal is denied; and it is further, “ORDERED that the motion is otherwise denied as academic.”[34]
Alleged Illegal Lockout Proceeding
Several months following his eviction, Mr. Ackerman commenced an “Alleged Illegal Lock-Out” proceeding, against the landlord, in which he alleged that the respondent evicted him without legal process. That proceeding was dismissed by a *874 decision/order issued by Judge Gonzales dated November 1, 2016.[35] In her decision, Judge Gonzales found that Mr. Acker-man was evicted from the subject premises pursuant to the execution of a warrant of eviction which was issued following a trial. Specifically, Judge Gonzales wrote: “Respondent’s cross motion for an order dismissing the petition for an illegal lockout is granted . . . petitioner was evicted on April 28, 2016 . . . petitioner [Mr. Ackerman] was a licensee . . . and has no rights to possession.”[36]
The Instant Harassment Action (Action No. 1)
Four months after he was evicted from the subject premises, on April 28, 2016, Mr. Ackerman commenced the instant harassment proceeding, under index No. HP 6422/2016, claiming that the landlord has harassed him. As noted above, Mr. Ackerman alleges that the landlord has harassed him by unlawfully and forcibly evicting him from the subject premises without process of law, preventing him and his guests from fully enjoying the premises and preventing him from receiving mail addressed to him at the subject premises, including by use of force.
Parenthetically, this court observes that similar to Mr. Ack-erman’s failure to personally appear in court in the holdover proceeding, in the case at bar, Mr. Ackerman failed to appear on scheduled court dates and failed to appear for the scheduled trial. He appeared through his attorney, who only had the authority to request an adjournment.
Harassment Action No. 2
Similar to the matter at bar (harassment action No. 1), Mr. Ackerman commenced harassment proceeding No. 2 under index No. HP 6429/2016, subsequent to commencing harassment action No. 1. As stated above, since the allegations and relief sought in that proceeding are identical to those asserted in the proceeding commenced under index No. HP 6422/2016, this court hereby dismisses the latter proceeding.
Cross Motion for Sanctions
22 NYCRR 130-1.1 (a) authorizes
“[t]he court, in its discretion, [to] award to any *875 party or attorney in any civil action or proceeding . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct.... In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct. . . .”
Frivolous conduct is defined as conduct that “is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law”[37] or “is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another”[38] or “asserts material factual statements that are false.”[39]
Analysis of the Law and the Facts
“Both RPAPL 711 and Administrative Code of City of NY § 26-521 provide that an individual who has resided at a premises for 30 consecutive days or longer may not be removed from the premises without a special proceeding, warrant of eviction or court order.”[40] Accordingly, having resided at the premises in excess of 30 days, Mr. Ackerman obtained lawful occupancy rights,[41] and it was his legal right to refuse to vacate the premises upon the termination of his employment as the live-in health care provider to a 94-year-old wheelchair bound holocaust survivor, and it was his lawful right to demand legal process prior to his removal therefrom. And it was his right, when the family of the 94-year-old wheelchair bound holocaust survivor commenced a licensee holdover proceeding against him, to appear in court through his counsel and seek adjourn *876 ments.[42] And while the record shows that in a prior proceeding, Mr. Ackerman filed an “affidavit of unavailability” stating that “[my] intestine is protruding from my belly’[43] and records show that he “clocked in” to work on that same date, this court is not aware of the hours Mr. Ackerman worked and it is possible that he worked after court hours and, by the time he was to report to work, the protrusion coming from his belly decreased.
Additionally, this court notes, that following execution of the warrant of eviction in the licensee proceeding, Mr. Ackerman did not seek any post-eviction stays in that proceeding.
As to the Supreme Court action, Mr. Ackerman had the legal right to file that case and seek a stay of the Housing Court licensee proceeding.[44] Indeed, the record in that proceeding shows that there was another action pending in that court which challenged ownership of the subject property.[45]
As to the alleged illegal lockout proceeding which was addressed in the moving papers, this court is disinclined to find Mr. Ackerman’s actions to be frivolous and sanctionable. Initially, this court notes, that proceeding was heard before a different judge, and the instant court may not have jurisdiction to rule on the landlord’s request. Additionally, it was Mr. Ack-erman’s contention that he resided in both the first floor garden apartment and the basement apartment and was only evicted from the first floor apartment and not the basement apartment. Although the judge in that proceeding disagreed with him, Mr. Ackerman had the right to assert such a claim, if he believed it to be true.
As to the instant harassment complaints, this court is also not inclined to find that Mr. Ackerman acted frivolously. As noted, the court file in the holdover proceeding has a marking of “illegal lock out, restored” which leads this court to conclude that, prior to the commencement of the licensee holdover *877 proceeding, Mr. Ackerman commenced an alleged illegal lockout proceeding because he was removed from the premises without legal process, and was restored to possession following the commencement of that proceeding. As an illegal eviction may form the basis of a harassment claim against a landlord[46] this court cannot conclude that Mr. Ackerman’s allegation in the instant proceeding is “completely without merit in law”[47] or “is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another”[48] or that he “asserts material factual statements that are false.”[49]
Additionally, in denying Mr. Ackerman’s petition in the alleged illegal lockout proceeding that was commenced after execution of the warrant of eviction that was issued in the licensee holdover proceeding, Judge Gonzales, in her decision, stated that the denial is “without prejudice to any claim for damages that petitioner may have which cannot be heard in this court.”
Although the instant court is not the proper forum to hear Mr. Ackerman’s damages claims, the harassment cases were filed by Mr. Ackerman as a self-represented litigant, and this court cannot conclude that he knew that the instant court part was not the appropriate forum to hear his claims.
Additionally, the landlord argues that Mr. Ackerman failed to appear in court on scheduled court dates in the instant harassment proceedings as well as in other cases. It is the landlord’s contention that the failing to appear in court on scheduled court dates is conduct for which Mr. Ackerman should be sanctioned. However, while Mr. Ackerman failed to personally appear in court on scheduled court dates, his attorney appeared in court on his behalf. It was Mr. Ackerman’s right to waive his right to personally appear in court on scheduled court dates in this and other proceedings and appear through his attorney.
*878 Separation of Powers
In essence, the landlord requests that this court create an exception and permit a terminated live-in home health care aide of a wheelchair bound 94 year old to be evicted without legal process and impose sanctions upon the terminated employee for commencing and litigating cases stemming from his removal from the subject premises.
This court is mindful that Mr. Ackerman’s failure to vacate the premises upon the termination of his employment delayed Mr. Haberman, a wheelchair bound 94-year-old senior citizen, from securing the full benefits of a new live-in home health care aide, and caused additional pressure and discomfort to Ms. Berkowitz, Mr. Haberman and their family. Additionally, this court understands Ms. Berkowitz’s frustration with a system of law that does not provide for the immediate ouster of the live-in home health care aide of a wheelchair bound 94 year old, upon the termination of the live-in health care provider’s employment, nor prohibit the terminated employee from commencing actions against the former employer relating to occupancy of the premises, which was incidental to his employment.
However, this court is without authority to create the requested exception, even where, as here, there are credible allegations of elder abuse.[50] Indeed, it would be an abuse of discretion for this court to sanction Mr. Ackerman, for acting within his lawful rights, as doing so would be legislating from the bench[51] which the separation of powers doctrine[52] prohibits.
*879 The separation of powers “doctrine . . . assumes that each branch of government will fulfill its duties”[53] and “[u]nder the New York Constitution, article VI, § 30, the authority to regulate practice and procedure in the courts is delegated primarily to the Legislature.”[54] Indeed, “[u]nder th[e] principle of separation of powers, it is fundamental that courts may not . . . restrict the scope of legislation ... or engraft exceptions where none exist.”[55]
As it is within the sole province of the legislature to enact legislation which would permit a wheelchair bound 94 year old to evict, without leave of court, a terminated abusive former live-in home health care aide, immediately upon the termination of his employment, and prohibit the terminated employee from commencing actions against the former employer, this court is without authority to impose sanctions upon Mr. Acker-man for exercising his legal rights.
Decision
Based upon the foregoing, the respondent’s cross motions are granted to the extent that each proceeding is dismissed, and denied to the extent the cross motions seek sanctions and legal fees.

. Respondent Department of Housing Preservation and Development (DHPD) appeared in this proceeding; however, given the sensitive nature of the issues raised in this proceeding, coupled with the fact that it is the petitioner and the respondent Berkowitz that can provide personal knowledge of the facts relevant to the case at bar, when this court refers to respondent, it will be referring to the Berkowitz respondent and not DHPD.

. The Haberman Family 1120 Guaranty Irrevocable Trust is the owner of the premises and Ms. Sarah Berkowitz is the trustee of the trust. See respondent’s opposition, exhibit D at 22, lines 15-20. The trust is the landlord of the premises. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/15, verified petition ¶ 2; respondent’s cross motion, exhibit C. Accordingly, when this decision/order refers to the landlord or owner, it refers to Ms. Berkowitz or someone acting on her behalf or as a representative of the property owner (the trust).

. See Town of Oyster Bay Hous. Auth. v Kohler, 34 Misc 3d 1243(A), 2012 NY Slip Op 50518(U), *9 (Nassau Dist Ct 2012, Fairgrieve, J.) (“CPLR 409[b] which governs hearings in special proceedings, requires that the Court make a summary determination upon the pleadings, papers and admissions . . . [by applying] the standards governing motions for summary judgment [which] are applicable to . . . summary proceeding^] to recover possession of real property” [internal quotation marks omitted]).

. Pena v Penny Lane Realty Inc., 129 AD3d 441 (1st Dept 2015).

. Respondent’s opposition, exhibit D at 22, line 4; Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/15, Nov. 5, 2015, trial tr at 12, lines 1, 2.

. Petition, exhibit D.

. Respondent’s opposition, exhibits B, D at 22, lines 4-7.

. Respondent’s opposition, exhibits B, D at 22, lines 4-7.

. Respondent’s opposition, exhibit D at 22, lines 1, 6, 17, 25; at 23, lines 4, 9.

. Respondent’s opposition, exhibit B; Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/15, Nov. 5, 2015 trial tr at 13, line 22.

. Following a review of the court files in the instant proceeding as well as other actions that have been litigated between the parties (which are discussed below), it appears that Mr. Ackerman resided on the first floor at the premises and was permitted to store some of his belongings in the basement. However, Mr. Ackerman did not separate the living quarters from the storage facilities and has asserted that he resides in both.

. Respondent’s opposition, exhibit D at 23, line 1; Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/15, Nov. 5, 2015 trial tr at 13, lines 14, 15.

. Respondent’s opposition, exhibit D; Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/15, Nov. 5, 2015 trial tr.

. Aff of Ms. Sarah Berkowitz, Oct. 20, 2016, ¶ 5.

. Respondent’s opposition, exhibit D at 22, lines 15, 16.

. Respondent’s opposition, exhibit D at 22 lines 13, 20.

. CPLR 3211 (a).

. Respondent’s opposition, exhibit B.

. Respondent’s cross motion and opposition, exhibit A.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 13, line 15.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 13, lines 23, 24.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 13, line 24.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 13, line 25; at 14, line 11.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 14, line 4.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 at 1, ¶ 2.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 14, lines 12, 13.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15, Nov. 5, 2015 trial tr at 14, lines 13-16.

. Berkowitz v Ackerman, Civ Ct, Kings County, index No. L&T 59913/ 15. Nov. 5. 2015 trial tr at 2-9, 16. 17.

. Reply affirmation, Sept. 20, 2016, ¶ 6.

. See decision dated Nov. 5, 2015.

. Ackerman v Berkowitz, Sup Ct, Kings County, index No. 14997/2015.

. See respondent’s opposition, exhibit D.

. See respondent’s opposition, exhibit D; cross motion, exhibit D.

. Ackerman v Berkowitz, 2016 NY Slip Op 75766(U) (2d Dept 2016).

. Petitioner’s opposition to cross motion, exhibit 2.

. Id,., citing Wagman v Smith, 161 AD2d 704 (2d Dept 1990).

. 22 NYCRR 130-1.1 (c) (1).

. 22 NYCRR 130-1.1 (c) (2).

. 22 NYCRR 130-1.1 (c) (3).

. McCormick v Resurrection Homes, 38 Misc 3d 847, 850 (Civ Ct, Kings County 2012, Scheckowitz, J.).

. RPAPL 711 (an occupant “of one or more rooms [at a premises] who has been in possession for thirty consecutive days or longer . . . shall not be removed from possession except in a special proceeding”); Administrative Code of City of NY § 26-521 (a) (“[i]t shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer [without legal process]”). Additionally, harassment is defined as “any act or omission by or on behalf of an owner that (i) causes or is intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling.” Administrative Code of City of NY § 27-2004 (48).

. See 75 Fort Wash., LLC v Polanco, 53 Misc 3d 151(A), 2016 NY Slip Op 51695(U), *1 (App Term, 1st Dept 2016) (“[t]he record simply does not support respondents’ claim that petitioner’s failure to appear was willful or part of a pattern of delay”).

. See aff sworn to on Mar. 17, 2015.

. “If the tenant is unable to obtain complete relief in Civil Court, then the jurisdiction of Supreme Court is still available.” Roger Morris Apt. Corp. v Varela, 53 Misc 3d 151(A), 2016 NY Slip Op 51697(U), *2 (App Term, 1st Dept 2016), citing to Post v 120 E. End Ave. Corp., 62 NY2d 19 (1984), Kanter v East 62nd St. Assoc., 111 AD2d 26 (1st Dept 1985), and Wilen v Harridge House Assoc., 94 AD2d 123 (1st Dept 1983).

. See respondent’s affirmation in opposition, exhibit E at 13, lines 3-7, identified only as Kupferstein v Berkowitz.

. Administrative Code § 26-521 (a) (“[i]t shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer [without legal process]”). Additionally, harassment is defined as “any act or omission by or on behalf of an owner that (i) causes or is intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling,” Administrative Code of City of NY § 27-2004 (48), and “[t]he owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling.” Administrative Code of City of NY § 27-2005 (d).

. 22 NYCRR 130-1.1 (c) (1).

. 22 NYCRR 130-1.1 (c) (2).

. 22 NYCRR 130-1.1 (c) (3).

. Ms. Berkowitz’s “credible” trial testimony, see decision dated Nov. 5, 2015, which included statements that Mr. Ackerman was abusive to Mr. Hab-erman, trial tr at 13, line 15, harassed and yelled at Mr. Haberman, trial tr at 13, lines 23, 24, threatened to destroy Mr. Haberman and to put him “into the ground,” trial tr at 13, line 24, tormented replacement home health care aides by entering the new aides’ rooms at the premises and sat on their beds and criticized them, trial tr at 14, lines 13-16, and as a result of their fear of Mr. Ackerman, Ms. Berkowitz locked herself and her father in the bedroom until they felt they were safe, trial tr at 13, line 25; at 14, lines 4-13.

. Heimbach v State of New York, 59 NY2d 891, 892-893 (1983), appeal dismissed 464 US 956 (1983) (“[t]he statute, therefore, precludes judicial review of [its] propriety ... In any event, based upon our respect for the basic polity of separation of powers and the proper exercise of judicialre-straint, we will not intrude into the wholly internal affairs of the Legislature”).

. “The concept of the separation of powers is the bedrock of the system of government adopted by this State in establishing three coordinate and coequal branches of government, each charged with performing particular functions.” Matter of Maron v Silver, 14 NY3d 230, 258 (2010).

. Sonja Ralston Elder, Note, Standing Up to Legislative Bullies: Separation of Powers, State Courts, and Educational Rights, 57 Duke LJ 755, 773 [Dec. 2007]; see generally Matter of Richardson, 247 NY 401 (1928).

. Lang v Pataki, 271 AD2d 375, 375-376 (1st Dept 2000), appeal dismissed 95 NY2d 886 (2000).

. Patrolmen’s Benevolent Assn, of City of N.Y. v City of New York, 41 NY2d 205, 215 (1976).