OPINION OF THE COURT
Peter Tom, J.
Motion by petitioner and cross motion by respondent are consolidated for decision.
*715 Respondent cross-moves to dismiss the petition on the assertion that petitioner failed to properly name the tenant of record as the respondent in this summary nonpayment proceeding.
The tenant of record in the commercial lease agreement is "Mr. Nusbaum d/b/a Skyline Enterprises.” Petitioner brought this proceeding only against Skyline Enterprises and did not name Mr. Nusbaum as a party respondent.
Petitioner argues that the failure to name Mr. Nusbaum as a party respondent in this proceeding is not a jurisdictional defect and seeks permission of the court to amend the petition to reflect the name of the tenant of record as the proper party respondent.
The court is well aware that amendment of pleadings should be freely granted in absence of consequent prejudice (Shanahan v Shanahan, 92 AD2d 566) and that a nonprejudicial error, mistake or omission in the petition may be considered as a mere irregularity which can be corrected by amendment of the petition. (Hablin Realty Corp. v McCain, 123 Misc 2d 777 [App Term, 1st Dept]; Z Mgt. Co. v J.E.B.M. Launders, NYLJ, Oct. 29, 1980, at 6, col 1 [App Term, 1st Dept]; Jackson v New York City Hous. Auth., 88 Misc 2d 121; CPLR 2001.)
Even though petitioner in this case requests permission to amend the petition, it, in effect, seeks to substitute a party in this proceeding who has not been served with process. Service of the notice of petition and petition was effected by conspicuous place service upon respondent Skyline Enterprises only. Skyline Enterprises is the trade name of the entity which the tenant, Mr. Nusbaum, operates under. Service of process upon Skyline Enterprises by conspicuous place service cannot be deemed service upon the tenant. Mr. Nusbaum signed the lease agreement as the tenant of the subject premises in his personal capacity.
A notice of petition which named and which was served upon a business entity could not be amended so as to substitute an unnamed principal who operates or conducts business under stich an entity. A new party can only be added with prior court approval and upon proper service upon him of a supplemental summons. (Department of Hous. Preservation & Dev. v Adam Realty Co., NYLJ, June 30, 1982, at 6, col 1 [App Term, 1st Dept].)
The proper relief which petitioner should seek in this mo *716 tion is leave of the court to add a party respondent in this proceeding pursuant to CPLR 1003.
CPLR 1003 provides in pertinent part that: "[p]arties may be added or dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just.”
The problem of adding a tenant as a party respondent in a summary proceeding brought under RPAPL article 7 is the statutory notices which are required to be served upon the tenant before the commencement of the proceeding. The requirement of service of prerequisite notices upon the tenant prior to the institution of an action makes the application of CPLR 1003 impractical in summary proceedings of this nature.
The courts have permitted parties who are not tenants and who require no predicate notices to be served upon them to be added as respondents in summary proceedings. The courts have permitted the roommate and the undertenant of the tenant of record to be added as party respondents in summary proceedings. (Greenberg v Carter, NYLJ, Jan. 27, 1987, at 6, col 3 [App Term, 1st Dept]; Teachers Coll. v Wolterding, 77 Misc 2d 81.)
In a summary nonpayment proceeding the landlord is required to make an oral demand for the rent due upon the tenant or serve upon the tenant a three-day notice for rent as a predicate for the commencement of the proceeding. (RPAPL 711 [2]; Simon v Johnson, NYLJ, Feb. 5, 1986, at 14, col 5 [App Term, 9th & 10th Judicial Dists]; Micholos v Tsekoura, NYLJ, Mar. 19, 1985, at 6, col 4 [App Term, 1st Dept]; Solack Estates v Goodman, 102 Misc 2d 504, affd 78 AD2d 512.)
In this case, petitioner did not make a demand for rent, either orally or written, upon the tenant. Petitioner alleges that a demand for rent was made upon respondent during a conversation with a female employee of Skyline Enterprises. The demand for rent made upon an employee of tenant’s company at the premises in issue cannot be deemed a demand made upon the tenant pursuant to RPAPL 711 (2). Since the tenant of record is Mr. Nusbaum, the demand for rent must be made upon him personally or upon someone who is authorized to accept such demand or notice on his behalf.
The granting of an application to add the tenant as a party respondent in this proceeding pursuant to CPLR 1003 would be an exercise in futility since the tenant once added as a *717 party can move to dismiss the petition upon the ground that petitioner has failed to make the predicate demand for rent as required by RPAPL 711 (2) before the commencement of this proceeding. This motion would be granted under the circumstances of this case.
Based on the foregoing, and in the interest of judicial economy, the court grants respondent’s cross motion and dismisses the petition without prejudice to petitioner’s right to recommence a proper proceeding against the proper party respondent.
The court will not address petitioner’s motion and the other portions of respondent’s cross motion since those issues are moot based on the dismissal of the petition.