■ In the Matter of ALEKSANDER RASIC, Petitioner, v RICHARD ROBERTS, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Respondents. [717 NYS2d 41] —Determination of respondent Commissioner of the New York City Department of Housing Preservation and Development, dated June 7, 1999, which, after a hearing, issued a certificate of eviction against petitioner, unanimously confirmed, the petition denied and so much of the proceeding brought pursuant to CPLR article 78 as is transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered on or about December 17, 1999, dismissed; and so much of said order, entered on or about December 17, 1999, as held that respondent Mutual Redevelopment Houses did not waive the right to seek petitioner's eviction by acceptance of rent, unanimously affirmed, without costs.

Respondent's determination that petitioner had not established that he was a "family member," as defined in 28 RCNY 3-02 (p), was supported by substantial evidence (*see, Matter of Blanco v Popolizio*, 190 AD2d 554, 555, citing *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180).

The court properly found that, by accepting payment from petitioner, respondent Mutual Redevelopment Houses, Inc. did not waive its rights to enforce its occupancy requirements and seek petitioner's eviction. Both the occupancy agreement covering the apartment in issue and 28 RCNY 3-02 (o) (3) (i) provide that acceptance of rent/carrying charges shall not be deemed a waiver of rights, and such provisions are enforceable (*see, Finkelstein v Mutual Redevelopment Houses*, 186 AD2d 90, citing *Jefpaul Garage Corp. v Presbyterian Hosp.*, 61 NY2d 442, 446). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.