■ BEDFORD GARDENS COMPANY, LP, Appellant-Respondent, v SILKA SURE HECHT JACOBOWITZ et al., Respondents-Appellants. [815 NYS2d 149]—

In an action, inter alia, for ejectment, (1) the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 13, 2004, which, after a hearing, denied their motion to dismiss the complaint for lack of personal jurisdiction, and (2) the plaintiff appeals from an order of the same court dated December 10, 2004, which denied its cross motion for summary judgment on its cause of action for ejectment and to strike the defendants' affirmative defenses, and the defendants cross-appeal from the same order.

Ordered that the cross appeal from the order dated December 10, 2004 is dismissed, as the defendants are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order dated October 13, 2004 is affirmed; and it is further,

Ordered that the order dated December 10, 2004 is reversed, on the law, and the plaintiff's cross motion for summary judgment on its cause of action for ejectment and to strike the defendants' affirmative defenses is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants reside in the Bedford Gardens housing development. The owner of the development, the plaintiff Bedford Gardens Company, LP (hereinafter Bedford Gardens), is a housing company organized under the Private Housing Finance Law, also known as the Mitchell-Lama Law, and is subject to the supervision of the New York City Department of Housing Preservation and Development (hereinafter HPD).

The last tenant of record of the subject apartment was Torsette Gilmore. Pursuant to a Housing Court stipulation of settlement dated November 21, 1997, Bedford Gardens agreed to permit the defendant Silka Sure Hecht (now Silka Sure Hecht Jacobowitz) to occupy the premises with Gilmore. Thereafter, Hecht was listed on annual recertifications for the subject apartment as Gilmore's "friend."

At some point, Gilmore vacated the apartment and the defendant Jacob Jacobowitz moved into the apartment. On February 22, 2002 Bedford Gardens advised the defendants that they could not retain possession of the apartment based on their failure to qualify as remaining family members entitled to succession rights. In a decision dated October 21, 2002 HPD found that the defendants were not remaining family members of Gilmore entitled to succession rights and issued a certificate of eviction against them. The decision informed the defendants that the only review of the determination was pursuant to CPLR article 78. The defendants did not institute a CPLR article 78 proceeding.

Bedford Gardens thereafter sent the defendants a "Notice to Quit Licensee" and commenced this action seeking a judgment of ejectment against the defendants and unpaid use and occupancy. The defendants asserted various affirmative defenses. By notice dated April 11, 2004, they moved to dismiss the complaint on the ground of improper service. By notice of cross motion dated June 1, 2004, Bedford Gardens moved for summary judgment on its cause of action for ejectment, based on the preclusive effect of the HPD decision, and to strike the defendants' affirmative defenses.

Following a hearing, by order dated October 13, 2004, the Supreme Court denied the defendants' motion to dismiss, and adjourned Bedford Gardens' cross motion into December for argument. The defendants appeal from the October 13, 2004 order.

By order dated December 10, 2004, the Supreme Court denied Bedford Gardens' cross motion. Bedford Gardens appeals, and the defendants cross-appeal from the December 10, 2004 order.

The Supreme Court properly denied the defendants' motion to dismiss the complaint for lack of personal jurisdiction. At the hearing, Bedford Gardens demonstrated by a preponderance of the credible evidence that both the notice to quit licensee and the summons and complaint were properly served upon the defendants (*see Lexington Ins. Co. v Schuyler Bumpers,* 125 AD2d 554 [1986]; RPAPL 735; CPLR 308 [4]).

However, the Supreme Court erred in denying that branch of Bedford Gardens' cross motion which was for summary judgment on its cause of action for ejectment. HPD is vested with exclusive jurisdiction to determine remaining family-member claims in city-aided Mitchell-Lama housing, and its issuance of a certificate of eviction cannot be collaterally attacked in a subsequent action for ejectment. If the defendants felt aggrieved by HPD's determination, their remedy was to challenge that de-

termination in a CPLR article 78 proceeding—a step they failed to take (*see Brighton House, Inc. v Novick,* [2003 NY Slip Op 51201[U] [App Term, 2d & 11th Jud Dists, July 11, 2003]; *New York City Hous. Auth. Albany Houses v Collins,* 4 Misc 3d 135[A], 2004 NY Slip Op 50780[U] [2004]; *New York City Hous. Auth., Nostrand Houses v Margiato,* 4 Misc 3d 135[A], 2004 NY Slip Op 50781[U] [2004]; *Lindsay Park Hous. Corp. v Grant,* 190 Misc 2d 777 [2001]).

The defendants' affirmative defenses are without merit (*see* 28 RCNY 3-02 [o] [3] [i]; RPAPL 713 [7]; *Matter of Abdil v Martinez,* 307 AD2d 238, 242 [2003]). Accordingly, the Supreme Court should have granted that branch of Bedford Gardens' cross motion which was to strike them. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.