OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Landlord is a State-assisted limited profit housing company organized under article II of the Private Housing Finance Law (the Mitchell-Lama Law) and supervised by the New York State Division of Housing and Community Renewal (DHCR). By petition dated December 6, 2006, landlord commenced this licensee summary proceeding (RPAPL 713 [7]) to recover possession of the subject apartment. Landlord alleged that Pamela Smith (occupant) was a licensee of the tenant of record, who had vacated the premises, that occupant’s application for succession rights was denied by landlord on September 19, 2006, that occupant did not appeal that denial, and that occupant’s license to occupy the premises terminated when the tenant of record had vacated. In her answer, occupant asserted, inter alia, that landlord was estopped from claiming that she was not the lawful tenant and that landlord had failed to name an indispensable party. Following various adjournments, the proceeding was scheduled for trial on July 27, 2007. When occupant failed to appear at trial, a default final judgment was entered after an inquest.
Occupant thereafter, on August 10, 2007, moved to set aside the default final judgment, arguing that she had an excusable default, based on a transit delay, and a meritorious defense. Occupant maintained that she had lived in the subject apartment for five years with the tenant, and that, as the tenant’s cousin, she was entitled to succession rights. Occupant also argued that the tenant was a necessary party who had not been named, requiring the dismissal of the proceeding, and, finally, that *44 landlord’s acceptance of rent directly from occupant estopped landlord from asserting that occupant was a mere licensee.
By order dated September 5, 2007, the Civil Court denied occupant’s motion, finding the absence of a meritorious defense. The Civil Court determined that occupant was not entitled to succeed the tenancy and that occupant did not qualify as a nontraditional family member. On the question of equitable estoppel, the court found such defense unavailable against landlord based upon its operation as a quasi-governmental agency in administering the low-income housing complex. With respect to the claim of insufficient evidence to establish that the tenant of record had vacated, the Civil Court found ample support in the record that the tenant had relocated to Deltona, Florida. We affirm.
In order to vacate the default judgment entered based on her failure to appear at trial, occupant was required to establish a reasonable excuse for the default and a meritorious defense (CPLR 5015 [a] [1]; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). Assuming that occupant demonstrated that she and her attorney were delayed in arriving at court by reason of a transit delay, it was still incumbent upon her to demonstrate a meritorious defense. In a licensee summary proceeding, an occupant can establish a meritorious defense by making a showing, among other things, that her license has not been terminated (see RPAPL 713 [7]), or, in some cases, that she is entitled to succession rights (see e.g. Metropolitan Ins. & Annuity Co. v Goldstein, 9 Misc 3d 133[A], 2005 NY Slip Op 51653[U] [App Term, 1st Dept 2005] [defense of succession rights to rent-stabilized apartment]), or that she is not a mere licensee (see e.g. Paladino v Sotille, 15 Misc 3d 60 [App Term, 9th & 10th Jud Dists 2007] [defense of constructive title]). In appropriate circumstances, an occupant may also assert that the proceeding should not go forward in the absence of a necessary party, the tenant of record (see 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338 [1991] [absent a surrender of possession by the tenant, the landlord may not proceed directly against the tenant’s licensee]; Valley Dream Hous. Co., Inc. v Lupo, 11 Misc 3d 130[A], 2006 NY Slip Op 50303[U] [App Term, 9th & 10th Jud Dists 2006]; see generally Mitchell v Thompson, 21 Misc 3d 131[A], 2008 NY Slip Op 52125[U] [App Term, 9th & 10th Jud Dists 2008]).
With respect to occupant’s succession claim, we note that the New York State Division of Housing and Community Renewal is *45 vested with exclusive jurisdiction to determine remaining-family-member claims in State-assisted Mitchell-Lama housing (see Rochdale Vil., Inc. v Goode, 16 Misc 3d 49 [App Term, 2d & 11th Jud Dists 2007]; cf. Bedford Gardens Co., LP v Jacobowitz, 29 AD3d 501 [2006] [the Department of Housing Preservation and Development has exclusive jurisdiction to determine succession-rights claims in City-assisted Mitchell-Lama housing]). Occupant failed to pursue her administrative remedies after landlord denied her application for succession rights. Consequently, she is precluded from asserting her succession claim as a defense to this proceeding.
We further note that occupant’s payment of rent, in and of itself, does not create a tenancy where none was contemplated. There is no evidence that, by simply accepting a few rent checks from occupant, landlord intended to relinquish its right to contest her continued occupancy (see Sullivan v Brevard Assoc., 66 NY2d 489 [1985]). Indeed, the estoppel doctrine cannot be invoked here, as its invocation would impermissibly prevent DHCR from executing its statutory duty to provide Mitchell-Lama housing only to individuals who meet the specified eligibility requirements (Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776 [2008]; Gouverneur Gardens Hous. Corp. v Belmlinsky, 23 Misc 3d 126[A], 2009 NY Slip Op 50534[U] [App Term, 1st Dept 2009]).
In order to rebut the allegation in the petition that occupant’s license had terminated, and thus that landlord was entitled to prevail in this licensee proceeding (see RPAPL 713 [7] [c]), occupant needed to produce some evidence that the tenant of record had not abandoned the subject premises. During the seven months in which the proceeding was pending before the Civil Court, occupant at no time presented an affidavit from anyone demonstrating that the tenant was still in actual possession of the premises, or indicating an intention on the part of the tenant to return to the apartment.
Ordinarily, the surrender of a lease is accomplished by the vacating of the premises and the return of the keys to the landlord (see Matter of Eight Cooper Equities v Abrams, 143 Misc 2d 52 [1989]). However, when a tenant abandons, a landlord may also elect to treat the abandonment as a surrender of the tenant’s interest (see e.g. Lewis v Cathedral Parkway Towers, 17 Misc 3d 129[A], 2007 NY Slip Op 51935[U] [App Term, 1st Dept 2007]; 2 Dolan, Rasch’s Landlord and Tenant— Summary Proceedings § 26:6 [4th ed]; see also tenBraak v Waffle Shops, Inc., 542 F2d 919 [4th Cir 1976]).
*46 “Abandonment in law depends upon the concurrence of two and only two factors; one, an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that [the party abandoning] neither claims nor retains any interest in the subject matter of the abandonment” (City of Binghamton v Gartell, 275 App Div 457, 460 [1949]; see Delgado v 1038 Southern Blvd. Realty Assoc., NYLJ, May 28, 2008, at 27 [Civ Ct, Bronx County]; Gardner v Smith, NYLJ, Dec. 21, 2005, at 22 [Civ Ct, Kings County]; Walker v 570 7th Ave, LLC., NYLJ, June 8, 2005, at 22 [Civ Ct, Kings County]; Bay Park Two Co. v Campionio, NYLJ, Sept. 23, 1992, at 26 [Civ Ct, Kings County]).
An abandonment of a tenant’s interest may be found even where the tenant has left someone else in possession (see McSpadden v Dawson, 117 AD2d 453 [1986]; Sarpro Realty Corp. v Ross, NYLJ, June 7, 1989, at 21 [App Term, 1st Dept]). In the instant case, the tenant’s failure to pay the rent over an extended period of time, to wit, for over a year before the proceeding was commenced, coupled with her absence from the premises and relocation to Florida, was sufficient to justify an inference that the tenant had abandoned the leased premises (see Ritz Entertainment Org. v Unity Gallega of U.S., 166 AD2d 186 [1990]; Witlow v Kip’s Bay JV LLC, 22 Misc 3d 136[A], 2009 NY Slip Op 50290[U] [App Term, 1st Dept 2009]; Martin v Cassidy, 149 Cal App 2d 106, 307 P2d 981 [1957]). In addition, by applying to landlord housing company for succession rights, occupant, in effect, acknowledged that the tenant of record had abandoned the premises. Together, the foregoing facts warrant a finding that occupant failed to demonstrate a meritorious defense founded upon her claim that she is in occupancy by virtue of a license which had not expired (see RPAPL 713 [7] [c]). For the same reasons, occupant failed to show that the tenant was a necessary party to this proceeding.
In view of the foregoing, there has been no showing that Pamela Smith is anything more than a mere occupant. It is well settled that a mere occupant acquires no interest in the premises. Real Property Law § 235-f (6) provides: “No occupant . . . shall, without express written permission of the landlord, acquire any right to continued occupancy in the event that the tenant vacates the premises or acquire any other rights of tenancy.”
*47 Accordingly, as occupant failed to establish a meritorious defense, her motion to vacate the default final judgment was properly denied.
Pesce, EJ., Golia and Rios, JJ., concur.