Trustees of Columbia Univ. of the City of N.Y. v Montgomery (2024 NY Slip Op 24030)

[*1]

Trustees of Columbia Univ. of the City of N.Y. v Montgomery

2024 NY Slip Op 24030

Decided on February 6, 2024

Civil Court Of The City Of New York, New York County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 6, 2024
Civil Court of the City of New York, New York County

The Trustees of Columbia University of the City of New York, Petitioner,

against
Monica Montgomery, Henry Ramirez, Respondents.

Index No. LT-318621-23/NY

Borah Goldstein Altschuler Nahins & Goidel, P.C. (Gregory George Vail, Esq.), for the petitioner
Respondents, pro se

Karen May Bacdayan, J.

Recitation as required by CPLR 2219 (a), of the papers considered in review of this motion by NYSCEF Doc No. 8-12.
PROCEDURAL POSTURE
This is a licensee holdover proceeding commenced against two purported licensees, Monica Montgomery and Henry Ramirez ("respondents"), after the death of the rent-controlled tenant of record, Elvin Ramirez. The first appearance in court was scheduled for October 12, 2023 and was adjourned to January 17, 2024 to enable respondents to connect with counsel. Thereafter, on January 5, 2024, during the first adjournment which was for the purposes of respondent securing counsel and/or advice, petitioner filed a motion for past due and pendente lite use and occupancy pursuant to Real Property Law ("RPL") § 220. (NYSCEF Doc No. 8, notice of motion [sequence 2]). Montgomery filed an affidavit of unavailability for the January 17, 2024 court appearance which was supported by relevant documentation, and the matter was adjourned for two weeks to January 31, 2024. Respondent's purported husband (not a party to this proceeding) called the courtroom on the day of the second court appearance stating that Montgomery is ill and would not be appearing in court that day. This time, respondent did not complete the court form, nor did she herself make any representations to the court. Petitioner's motion was taken on submission.
ARGUMENT
Petitioner argues that it "should be granted use and occupancy retroactively and pending the determination of this proceeding." (NYSCEF Doc No. 9, petitioner's attorney's affirmation ¶ 7.) Explicating its position, petitioner advances that "[t]he equitable concept and common law that an owner is entitled is [sic] use and occupancy is well entrenched in the jurisprudence of this [*2]State and serves the interest of fairness and equity by maintaining the status quo between the parties during the course of litigation." (Id. ¶ 11.) Petitioner continues, "[t]he power of the court to direct use and occupancy payments is not dependent upon compliance with RPAPL §745." (Id. ¶ 17.) In support, petitioner cites to nine Appellate Division, First Department cases, all but one of which pre-date the Housing Stability and Tenant Protection Act of 2019 ("HSTPA"), and two of which are inaccurately cited—and as a result more difficult to find—but which are considered, nevertheless. Petitioner inaccurately cites to one Supreme Court, Kings County case from 2008. And, finally, petitioner cites inaccurately to this judge's decision in Findlay House, Inc. v Zhang Hongliu, 61 Misc 3d 644 (Civ Ct, Bronx County 2018).
DISCUSSION
Hongliu, the only Housing Court case cited, also pre-dates the HSTPA, and is substantively distinguishable. Unlike the instant proceeding, Hongliu sought a stay of the Housing Court proceeding pending a determination from DHCR on her application to succeed to a lease for the premises. DHCR has exclusive jurisdiction over remaining family member claims.[FN1]
 The Court noted that CPLR 2201 provides this Court with the discretion to stay this proceeding "upon such terms as may be just" and ultimately granted the oral application for use and occupancy as a matter of equity for the following reasons.[FN2]

Because DHCR had exclusive jurisdiction over her succession claim, the court found that ordering Hongliu to pay use and occupancy pursuant to the draconian, pre-HSTPA iteration of RPAPL 745 (2) would be antithetical to the unique facts and procedural posture of that holdover proceeding. Specifically, pre-HSTPA, Hongliu's succession defense could be stricken if she failed to make the initial deposit, and if she made the initial deposit but subsequently defaulted, an immediate trial would ensue. These remedies made no sense in light of the exclusive jurisdiction that DHCR exercises over succession claims in Mitchell-Lama coops.
After the decision in Hongliu was issued, the HSTPA, which amended numerous provisions of the RPAPL, including RPAPL 745, passed into law. The amendments inform this judge's opinion that RPL § 220 is not applicable in a summary holdover proceeding, and that RPAPL 745 (2), as amended by L 2019, ch 36, § 1, part M, is the only mechanism by which to seek pre-judgment use and occupancy in a summary proceeding, and then only prospective use and occupancy may be ordered.
RPAPL 745 (2) states in relevant part:
"In a summary proceeding upon the second of two adjournments granted solely at the request of the respondent, or, upon the sixtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the [*3]petitioner, counting only days attributable to adjournment requests made solely at the request of the respondent and not counting an initial adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel, whichever occurs sooner, the court may, upon consideration of the equities, direct that the respondent, upon a motion on notice made by the petitioner, deposit with the court sums of rent or use and occupancy that shall accrue subsequent to the date of the court's order, which may be established without the use of expert testimony (emphases added)."
Even prior to the HSTPA amendments to RPAPL 745, courts found that the payment of use and occupancy in a summary proceeding is governed by RPAPL 745 (2), which limits the relief to certain situations. In Central Hudson Assoc v Brown, 1986 NY App Div LEXIS 16708, the Appellate Division, First Department upheld the lower court's exercise of discretion in awarding use and occupancy where the proceeding was protracted and the money was needed to provide essential services. The Brown court cited to a prior incarnation of RPAPL 745 (2) as the legal basis for seeking and awarding such relief in a summary proceeding. Portending the HSTPA amendments, the Appellate Division modified the lower court's award to allow for prospective relief only. (See also Quality & Ruskin Assoc. v London, 8 Misc 3d 102, 105 [App Term, 2d Dept 2005] ["As for that branch of the motion seeking use and occupancy pendente lite, the availability of same is governed by RPAPL 745(2)"]; 1747 Assocs., LLC v Raimova, 56 Misc 3d 1216 [A], 2017 NY Slip Op 51040 [U], *2-3 (Civ Ct, Kings County 2017) (in denying a motion for use and occupancy under the prior RPAPL 745 (2), holding that "[a]s compelling as the equities may be in a summary proceeding, the court's power to direct payment of use and occupancy is not an inherent one governed by a consideration of the equities, but instead derives solely from RPAPL 745.")
The underlying proceedings in each of the Appellate Division, First Department cases cited by petitioner originated in New York County Supreme Court, which is governed by the Civil Practice Law and Rules ("CPLR"). This alone distinguishes their applicability to an order to pay use and occupancy in a summary eviction proceeding governed by the RPAPL. Moreover, petitioner's reliance on the New York City Civil Court Act § 2102 is misplaced. In matters related to use and occupancy, Supreme Court justices have more discretion than Housing Court judges. (See Cane v Herman, 209 AD2d 368, 368 [1st Dept 1994] ["[A] Supreme Court Justice is vested with inherent plenary power [citation omitted] to fashion any remedy necessary for the proper administration of justice."])
In addition, the New York City Civil Court Act § 2102 states in full:
"The CPLR and other provisions of law relating to practice and procedure in the supreme court, notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable and are not in conflict with this act (emphasis added)."
RPL § 220 indeed directly conflicts with RPAPL 745 (2), as it allows for an order of use and occupancy past due, and RPAPL 745 (2) allows only for payment of rent or use and occupancy subsequent to the date of the court's order; but this is not the only way that RPL § 220 is hostile to the unique prescriptions of RPAPL 745 (2).
Importantly, the amended RPAPL 745 (2) recognizes and accounts for the special nature of a summary eviction proceeding in Housing Court. Significantly, with the advent of the Universal Access to Counsel initiate, Administrative Code of the City of NY § 26-1301 et seq., low-income tenants now must have an opportunity to retain free legal representation or advice in [*4]Housing Court on or prior to their first appearance in court, a requirement which must be reconciled with the reality that the process for making a meaningful connection with counsel takes time. The amended RPAPL 745 (2) accurately reflects that most eviction proceedings are adjourned on the first court appearance in order for the court to facilitate this objective. The amendments contemplate this reality by prescribing that the first adjournment requested by a respondent "for the purpose of securing counsel" will not negatively impact a respondent. (RPAPL 745 (2) (A).) These ameliorative measures do not exist in other courts where the Universal Access to Counsel Act does not apply. In those courts, a landlord may forthwith make a motion pursuant to RPL § 220 for use and occupancy past due and pendente lite. For the foregoing reasons, such immediacy is impractical and potentially prejudicial in the context of a summary eviction proceeding.
Finally, the amended RPAPL 745 (2) recognizes that there are numerous, very common defenses to summary eviction proceedings, and provides that the interposition of one these defenses will preclude an order to pay use and occupancy pendente lite. The amended law allows for a tenant to establish these defenses "to the satisfaction of the court," and litigate them without concern that their defenses will be summarily stricken (a drastic remedy that was eliminated by the HSTPA amendments in 2019).[FN3]
 (RPAPL 745 [2] [a] [i]-[vii]; RPAPL 745 [f].) That these defenses are tailored to eviction proceedings in Housing Court further bolsters this court's view that, if a landlord desires payment of use and occupancy in a summary eviction proceeding, the landlord must follow the strictures of RPAPL 745 (2).[FN4]

CONCLUSION
Accordingly, it is
ORDERED that petitioner's motion for past due and pendente lite pursuant to RPL § 220 is DENIED; and it is further
ORDERED that to the extent petitioner is seeking use and occupancy pursuant to RPAPL 745, a request that is not obvious from the notice of motion or from the passing references to RPAPL 745 (2), same is DENIED without prejudice to filing a motion pursuant to RPAPL 745 (2) at an appropriate time.[FN5]

This constitutes the decision and order of this court.
As respondents have now failed to appear twice, and once without supporting documentation or a proper request for an accommodation, the proceeding is scheduled for INQUEST on March 8, 2024 at 9:15, Room 523, Part F of the New York County Civil Courthouse. The court will send letters to respondents at the subject premises AND to Monica Montgomery: XXXX Larkspur Valley, San Antonio, Texas 78218. (NYSCEF Doc No. 1, petition ¶ 9.)
DATED: February 6, 2024
New York, NY
HON. KAREN MAY BACDAYAN
Judge, Housing Part

Footnotes

Footnote 1: DHCR is vested with exclusive jurisdiction to determine remaining family member claims in state assisted Mitchell-Lama housing. See Bedford Gardens Co., LP v Jacobowitz, 29 AD3d 501 (2d Dept 2006) (holding that DHCR has exclusive jurisdiction over succession claims in city-assisted Mitchell-Lama housing); St. Marks Place Housing Company, Inc. v Moultrie, 34 Misc 3d 140 (A), 2012 NY Slip Op 50053 (U) (App Term, 2d Dept, 2d & 11th Jud Dists 2012) (holding that "occupant's succession-rights defense cannot be entertained in this [licensee] summary proceeding," as DHCR has exclusive jurisdiction over that claim).

Footnote 2: The decision in Hongliu indicates that respondent had previously stipulated several times to pay use and occupancy pendente lite. Hongliu, n 4.

Footnote 3: RPAPL 745 (2) also provides that the court cannot order deposit or payment of use and occupancy where the respondent can establish to the court's satisfaction that it has properly interposed one of the following defenses or established that: the petitioner is not a proper party; or actual eviction, or actual partial eviction, or constructive eviction, and the respondent has quit the premises; or a defense based on Section 143-b of the Social Services Law; or a defense based upon the existence of hazardous or immediately hazardous violations of the Housing Maintenance Code in the apartment or common areas; or a colorable defense of rent overcharge; or a defense that the dwelling is in violation of the building's certificate of occupancy or is otherwise illegal; or a that the court lacks personal jurisdiction over the respondent.

Footnote 4: RPAPL 745 (f) states in full: "Under no circumstances shall the respondent's failure or inability to pay use and occupancy as ordered by the court constitute a basis to dismiss any of the respondent's defenses or counterclaims, with or without prejudice to their assertion in another forum."

Footnote 5: Pursuant to the Part F rules, "[i]f any discrepancy arises between the relief sought in the notice of motion and the relief sought in the supporting papers, the notice of motion controls." See Part Rules available online at https://www.nycourts.gov/COURTS/nyc/housing/Judge/partrules/KBacdaya.pdf.