New Savoy Park Portfolio LLC v Santiago (2025 NY Slip Op
50201(U))

[*1]

New Savoy Park Portfolio LLC v Santiago

2025 NY Slip Op 50201(U) [85 Misc 3d 131(A)]

Decided on February 18, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570790/24

New Savoy Park Portfolio LLC,
Petitioner-Landlord-Respondent,

against

Phillip Santiago, Respondent-Tenant, and "J. Doe,"
Respondent-Appellant.

Respondent Cooleridge Bell Bey, sued herein as "J. Doe," appeals from an order of
the Civil Court of the City of New York, New York County (Tracy Ferdinand, J.), dated
June 12, 2024, which denied his post-eviction motion to vacate a default final judgment
and restore him to possession in holdover summary proceeding.

Per Curiam.

Order (Tracy Ferdinand, J.), dated June 12, 2024, affirmed, without costs.

We find no abuse of discretion in the denial of respondent Cooleridge Bell Bey's
application to vacate the default final judgment and warrant of eviction entered against
him in this licensee holdover proceeding, and to restore him to possession. Respondent
offered no convincing excuse for his repeated defaults in appearance over the course of
four years despite multiple notices sent by petitioner and the court. Nor did respondent
set forth a meritorious defense to the proceeding by, among other things, demonstrating
any right to continued occupancy following the April 2019 death of the tenant of record
(see e.g., Starrett City, Inc. v
Smith, 25 Misc 3d 42, 44 [App Term, 2d Dept, 2009]). On this record, good
cause for vacating the warrant of eviction is absent (see RPAPL § 749 [3];
see also City of New York v 130/40 Essex St. Dev. Corp., 302 AD2d 292
[2003]; New York Hous. Auth. v Torres, 61 AD2d 681 [1978]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: February 18, 2025