Bayridge Air Rights, Inc. v Parkhalyuk (2025 NY Slip Op 25087)

[*1]

Bayridge Air Rights, Inc. v Parkhalyuk

2025 NY Slip Op 25087

Decided on March 28, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 28, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2024-167 K C

Bayridge Air Rights, Inc., Respondent,
against
Nataliya Parkhalyuk, Appellant, "John Doe" and "Jane Doe," Occupants. 

Law Offices of Julius Toonkel (Julius Toonkel of counsel), for appellant.
Tane Waterman & Wurtzel, P.C. (Kim D. Victor of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Agata Ewa Rumprecht-Behrens, J.), dated January 3, 2024, deemed from a final judgment of that court entered January 18, 2024 (see CPLR 5512 [a]). The final judgment, entered pursuant to the order dated January 3, 2024 granting petitioner's motion to strike respondent's affirmative defenses and for summary judgment, awarded petitioner possession in a licensee summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Petitioner, a New York State assisted Mitchell-Lama housing development, commenced this licensee proceeding (see RPAPL 713 [7]) to recover possession of the subject apartment following a determination by the New York State Division of Housing and Community Renewal (DHCR) that respondent was not eligible for succession rights. Respondent filed an answer asserting a general denial, as well as specific affirmative defenses, including that petitioner failed to serve her with a proper predicate notice, that petitioner failed to join necessary parties, and that there had not been a final determination regarding respondent's succession rights claim because an Article 78 petition challenging the DHCR determination was pending. Petitioner moved to strike respondent's affirmative defenses and for summary judgment. Following the dismissal of respondent's Article 78 petition, the Civil Court (Agata Ewa Rumprecht-Behrens, J.), by order dated January 3, 2024, granted petitioner's motion in its entirety, and, on January 18, 2024, entered a final judgment awarding petitioner possession.
Respondent appeals from the January 3, 2024 order, contending, among other things, that respondent's minor daughter, who respondent claimed was listed as a co-applicant on the application submitted by respondent to petitioner for succession rights to the subject apartment, was a necessary party to the licensee proceeding for two reasons: (1) her daughter was an occupant of the apartment and (2) her daughter may have independent succession rights to the apartment. The appeal from the order is deemed to be from the final judgment (see CPLR 5512 [a]). Respondent and her daughter were evicted on October 21, 2024.
Pursuant to CPLR 1001 (a), a necessary party is a "person[] who ought to be [made a] part[y] if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action." Contrary to respondent's contention, her minor daughter's status as an occupant of the subject apartment does not make her a necessary party, because the absence of a minor occupant from an eviction proceeding in which his/her parent is a named party does not prevent the court from "accord[ing]" "complete relief . . . between the . . . parties," or "inequitably affect[]" the minor occupant (CPLR 1001 [a]; see Daley v Billinghurst, 5 Misc 3d 138[A], 2004 NY Slip Op 51621[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; Kuprewicz v Muktadir, 2002 NY Slip Op 40527[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]). To the extent that respondent's contention that, as an occupant, her daughter had to be named in the proceeding is based on an amendment to RPAPL 749 (1) that was included in the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36), effective June 14, 2019, we find that it lacks merit. Prior to the passage of the HSTPA, RPAPL 749 (1) stated that "[u]pon rendering a final judgment for petitioner, the court shall issue a warrant directed to the sheriff of the county or to any constable or marshal of the city in which the property, or a portion thereof, is situated, . . . describing the property, and commanding the officer to remove all persons, . . . to put the petitioner into full possession" (L 2018, ch 205, § 1). On June 14, 2019, RPAPL 749 (1) was amended by adding the phrase, "named in the proceeding" following the language, "commanding the officer to remove all persons" (L 2019, ch 36, pt M, § 19). In our view, this amendment did not overrule longstanding precedent that minors do not need to be named in eviction proceedings against their parents (see Daley v Billinghurst, 2004 NY Slip Op 51621[U], *1; Kuprewicz v Muktadir, 2002 NY Slip Op 40527[U], *2) because there is "an established presumption that the residence of the child is the residence of the parents" (Quiala v Laufer, 180 AD2d 31, 34 [1992]).
Moreover, this court lacks the authority to determine the succession rights claims of respondent or her minor daughter, as an alleged co-applicant for succession rights, because the DHCR "is vested with exclusive jurisdiction to determine remaining-family-member claims in State-assisted Mitchell-Lama housing" (St. Mark's Place Hous. Co., Inc. v Moultrie, 34 Misc 3d 140[A], 2012 NY Slip Op 50053[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012] [internal quotation marks omitted]; see Starrett City, Inc. v Smith, 25 Misc 3d 42, 44-45 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As neither DHCR nor the Article 78 court determined that respondent's daughter has succession rights, she is not a necessary party to the licensee proceeding.
Respondent's assertion that the Civil Court lacked subject matter jurisdiction because she was entitled to be served with a 30-day notice to quit, rather than a 10-day notice, is also without merit. It is well settled that the failure to serve a proper predicate notice does not implicate subject matter jurisdiction, but presents a defense to a licensee proceeding, which defense was raised in respondent's answer (see 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361 [2000]; Marmon Realty Group, LLC v Khalil, 72 Misc 3d 136[A], 2021 NY Slip Op 50733[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; 716 Realty, LLC v Zadik, 38 Misc 3d 139[A], 2013 NY Slip Op 50194[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, respondent was not entitled to a 30-day notice to quit, since she was not a tenant. While petitioner appears to have accepted respondent's rental payments after the tenant of record died, an "occupant's payment of rent, in and of itself, does not create a tenancy where none was contemplated" (Starrett City, Inc. v Smith, 25 Misc 3d at 44-45; see Matter of Rasic v Roberts, 277 AD2d 120, 121 [2000]; Masaryk Towers Corp. v Xiao Feng, 63 Misc 3d 133[A], 2019 NY Slip Op 50392[U], *1 [App Term, 1st Dept 2019]; Gouverneur Gardens Hous. Corp. v Belmlinsky, 23 Misc 3d 126[A], 2009 NY Slip Op 50534[U], *1 [App Term, 1st Dept 2009]). As a mere licensee, respondent was only entitled to a 10-day notice to quit (see RPAPL 713]). 
To the extent that respondent argues in her reply brief that she was never served with a [*2]10-day notice to quit, we decline to consider this argument, as respondent abandoned this contention by failing to raise it in her main brief (see e.g. Shaw v Bluepers Family Billiards, 94 AD3d 858, 860 [2012]; Levy v Kung Sit Huie, 54 AD3d 731, 732 [2008]).
Absent a determination that respondent has succession rights, she is precluded from asserting that defense in this summary proceeding. As there are no triable issues of fact warranting denial of petitioner's motion (see Bedford Gardens Co., LP v Jacobowitz, 29 AD3d 501, 502-503 [2006]; St. Mark's Place Hous. Co., Inc. v Moultrie, 2012 NY Slip Op 50053[U], *1; Cadman Towers, Inc. v Kaplan, 54 Misc 3d 140[A], 2017 NY Slip Op 50159[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), we find no basis to disturb the Civil Court's determination. 
Accordingly, the final judgment is affirmed.
TOUSSAINT, P.J. and MUNDY, J., concur.
OTTLEY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2025