97th St. Commons, LLC v Ortega (2025 NY Slip Op 50665(U))

[*1]

97th St. Commons, LLC v Ortega

2025 NY Slip Op 50665(U)

Decided on April 25, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2025
Civil Court of the City of New York, Queens County

97th Street Commons, LLC, Petitioner,

against
Melissa Ortega, ET AL., Respondents.

Index No. 310910/2024 

For petitioner: Kucker Marino Winiarsky & Bittens, LLP 
747 Third Avenue 
New York, New York 10017 
For respondent: LUIS F ECHEVERRIA 
50-60 654 ST 
Woodside, New York 11377

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of these motions. 
Motion to Strike Defenses (Seq. 1) [NYSCEF Doc. No. 9], Attorney Affirmation [Doc. No. 10], Memorandum of Law [Doc. No. 11]; Attorney Affirmation in Opposition [Doc. No. 31], Exhibits in Opposition [Doc. Nos. 32-46], Respondent-Occupants Affirmations in Opposition [Doc. Nos. 47-49].
Respondents' Cross-Motion for Summary Judgment (Seq. 2) [Doc. No. 12], Client Affirmations in Support [Doc. Nos. 13-15], Exhibits in Support [Doc. Nos. 16-30]; Attorney Affirmation in Opposition to Cross-Motion [Doc. No. 51], Exhibit in Opposition [Doc. No. 52]; Attorney Affirmation in Reply [Doc. No. 53], Reply Exhibit [Doc. No. 54].
After argument on April 8, 2025, and upon the foregoing cited papers, the decision and order on these motions is as follows: 
RELEVANT FACTS AND PROCEDURAL POSTURE
What started as a run of the mill DHCR complaint, with a tenant alleging her rent-stabilized renewal lease was not being offered on same terms and conditions as the expiring lease, now has the tenant on the precipice of eviction.
This is a licensee case (see RPAPL 713(7)). Petitioner's theory of the case is that the tenant of record vacated and left the respondents behind. The factual support for this claim rests entirely on a DHCR Order dated March 28, 2024, with the following language, "evidence [*2]indicates the tenant has vacated the subject apartment rendering the tenant's complaint moot." [emphasis added] (see Order at NYSCEF Doc. 1, p. 5).
Respondents, by counsel, filed an answer with denials, twenty-two affirmative defenses and a counterclaim. (see NYSCEF Doc. 7).[FN1]
Petitioner then moved to dismiss each affirmative defense and counterclaim as being insufficiently pled or as improper to the licensee cause of action. Respondents oppose petitioner's motion and has cross-moved for summary judgment arguing, in essence, that the entire proceeding rests on the DHCR Order but that the tenant of record never vacated the apartment, that petitioner knew or should have known that the tenant of record continued to reside at the premises and, as such, failed to properly name and serve her in this proceeding.
In opposition to the motion to strike defenses, respondents submit affirmations and exhibits to support the defenses. In opposition to the summary judgment motion, petitioner again relies on the DHCR order, claiming the issue of the tenant of record's vacatur is settled and cannot be collaterally attacked in this proceeding.
There is no dispute that Esther Vasquez is the long-term, rent-stabilized, tenant of the subject apartment. At no point does petitioner submit any proof that Esther Ortega lives elsewhere. Petitioner does not refute with an affirmation from someone with personal knowledge any of the three affirmations submitted by Melissa Ortega, Maria Ortega and Esther Vasquez. Petitioner does not refute the documents submitted linking Esther Vasquez to the subject premises.

DISCUSSION
The court grants summary judgment to respondent. As such, much of petitioner's motion to strike or dismiss defenses is moot. However, a short discussion of a few defenses is necessary. Respondent's fifth affirmative defense is failure to join a necessary party. The sixth affirmative defense is respondents are not licensees.
When moving to dismiss a defense, the petitioner must establish that the defense is meritless as a matter of law or that it fails to state a defense to the claim, and the court should apply the same standard it applies to a motion to dismiss pursuant to CPLR 3211(a)(7). (see Shah v Mitra, 171 AD3d 971, 974 [2nd Dept. 2019]). In other words, the allegations in the answer are to be liberally construed and respondent given the benefit of every reasonable inference. (see Lewis v US Bank N.A., 186 AD3d 694, 697 [2nd Dept. 2020]; Pugh v New York City Hous. Auth., 159 AD3d 643, 643 [1st Dept 2018] [internal citations omitted]).
Furthermore, it is well established that a party may (generally) remedy defects in an answer by submitting evidence in opposition to a motion to dismiss. (see Lewis v US Bank N.A., 186 AD3d at 697, quoting Benjamin v Yeroushalmi, 178 AD3d 650, 653 [2nd Dept. 2019]; 22 Jackson Avenue Owner LLC v Fang, 85 Misc 3d 1237(A), 1 [Civ Ct, Queens County 2025]).
The affirmations and exhibits submitted in opposition to the motion to dismiss, (see NYSCEF Doc. Nos. 32-49), render the fifth and sixth affirmative defenses properly pled. [*3]Respondents are clearly stating that Esther Vasquez never vacated the premises and retains all rights as a rent-stabilized tenant. As such, none of the occupants can be licensees. It follows that if Esther Ortega remains in occupancy, she should have been properly named and served with process.
The third affirmative defense, failure to state a cause of action, must also survive. (see Ochoa V Townsend, 209 AD3d 867, 868 [2nd Dept. 2022] ("[N]o motion by the plaintiff lies under CPLR 3211(b) to strike the defense [of failure to state a cause of action], as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim.") [citations omitted]; see also Jacob Marion, LLC v Jones, 168 AD3d 1043, 1044 [2nd Dept. 2019]).
Consequently, petitioner has not met its burden to show these defenses lack merit as a matter of law. (see Gonzalez v Wingate at Beacon, 137 AD3d 747, 747 [2nd Dept. 2016]). As such, the motion to strike must be denied at least as to these defenses.[FN2]

Surrendered or Abandoned
A landlord may commence a licensee proceeding after a tenant of record surrenders possession, usually by vacating and turning over keys, or after a tenant abandons the premises. (see Starrett City, Inc. v Smith, 25 Misc 3d 42, 45 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2009]; see also Malik v Hillside Clearview Apts. Realty, LLC, 192 Misc 2d 181, 182 [Civ Ct, Queens County 2002] ("To abandon means intent to abandon and engaging in some act or failure to act that indicates that the tenant no longer has an interest in the premises. To surrender means a tenant's relinquishment of possession before the lease has expired, allowing the landlord to take possession and treat the lease as terminated.") [internal citations and quotations omitted]).
Here, there has been no traditional "surrender." "A surrender by operation of law occurs when the parties to a lease do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated." (Ford Coyle Props., Inc. V 3029 Ave. Realty, LLC, 63 AD3d 782, 782 [2nd Dept. 2009]). Surrender requires unequivocal acts by the tenant. (see Reisler v 60 Gramercy Park N. Corp., 88 AD2d 312, 318 [1st Dept. 1982]; Schnee v Jonas Equities, Inc., 103 Misc 2d 625, 626 [Civ Ct, Kings County 1980]).
Petitioner makes no allegation that the respondent vacated and turned over her keys or otherwise surrendered. Esther Vasquez, of course, vehemently argues that she has never lived elsewhere during her 33-year tenancy. Furthermore, the act of signing a lease she fought for a few months prior is a strong indication of she did not surrender or abandon the apartment.
"Abandonment in law depends upon the concurrence of two and only two factors; one, an intention to abandon or relinquish; and two, some overt act, or some failure to act, which carries the implication that [the party abandoning] neither claims nor retains any interest in the subject matter of the abandonment." (Starrett City, Inc. v Smith, 25 Misc 3d at 46, quoting City of Binghamton v Gartell, 275 AD 457, 460 [3rd Dept. 1949]).
Again, petitioner does not offer or even suggest any proof of abandonment. Petitioner is completely reliant on the DHCR Order as proof Esther Vasquez vacated the apartment. Respondents, on the other hand, submit a plethora of documents indicating the premises are Esther Vasquez' home.
The combined affirmations by Esther Vasquez, Maria Ortega and Melissa Ortega establish the following facts: Esther Vasquez is the rent-stabilized tenant of record, having resided at the premises for 33 years. She has been the registered tenant of record for the last 20 years. She is 82 years old, Spanish is her primary language, and she relies on her granddaughter Melissa to deal with legal matters. Melissa Ortega put a Florida address as a mailing address for DHCR correspondence knowing that her grandmother would not know what to do with them. She alleges that after petitioner became the building's owner, it offered her a renewal lease that demanded she pay for things she did not pay for before, including gas bills. Each affiant denies that Esther Vasquez ever left the apartment. (see affirmations at Doc. Nos. 13-15).
Esther Vasques submits proof of her [primary] residence, including New York State Identification issued July 12, 2024, New York City Department of Finance rent freeze award (SCRIE) dated January 3, 2024, Federal Social Security Administration letter dated August 23, 2023, her 2023 Tax Forms, healthcare letter dated November 2, 2023, Department of Health and Human Services letter dated February 1, 2024, HMO letter dated November 11, 2023, New York City Human Resources Administration (HRA) "HEAP" [Home Energy Assistance Program] approval dated November 6, 2023, HRA health insurance letter listing coverage year as August 1, 2022 through July 31, 2023, Department of Homeland Security "Notice of Action" for Naturalization Application, dated June 28, 2023, Chase Bank statement for April to May 2024, and the DHCR Notice of Transmittal of Tenant's Complaint of Lease Violation" with a mailing date of September 1, 2023. (see documents at Doc. Nos. 17-29).
Petitioner does not dispute any of these facts. It does not offer an affidavit from someone with personal knowledge contradicting any of these facts. As such, these facts are deemed admitted. (see Kuehne & Nagel, Inc. v Baiden, 36 NY2d 539, 544 [1975]) (Facts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted); Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609 [2nd Dept. 2012]; Schneider Fuel Oil, Inc., v DeGennaro, 238 AD2d 495, 496 [2nd Dept. 1990] ("By not denying the statements made in the affidavit of the plaintiff's president in support of the plaintiff's motion for summary judgment, the defendant has admitted" them)).
Consequently, petitioner has no case but for the DHCR order.
The sole question, then, is whether the respondents are barred by res judicata or collateral estoppel from challenging the "finding" that Esther Vasquez vacated the premises.
To answer that question, a little background on how that Order came to be is necessary.
Again, the combined affirmations by respondents, (Doc. Nos. 13-15), offer clarity. Esther Vasquez filed a complaint with DHCR on or about August 30, 2023. She did this because petitioner allegedly offered her a lease renewal with new terms. (see id and Notice and Transmittal of Tenant's Complaint of Lease Violations at Doc. No. 45) ["Owner refuses to renew my lease on the same terms and conditions as were contained in expiring lease...The new management has added new clauses, and it seems they are not accepting SCRIE and charging extra utilities such as gas."]). By September 14, 2023, petitioner had apparently provided a sufficient lease and respondent signed it. (see Doc. No. 54).
A cursory comparison of the lease renewal Esther Vasquez complained about (Doc. No. 45) and the one she signed (Doc. No. 54) reveals that the first was not on the normal rent stabilization lease renewal form and included a rider stating that the tenant would be billed for heat and hot water. It also included a Guaranty.
Rent stabilized leases must be renewed on the same terms and conditions as the expiring [*4]lease. (see RSC § 2522.5(f)(1); Rosario v Diagonal Realty, LLC, 8 NY3d 755, 761 [2007]; East Eleventh Street Assocs. v Breslow, 256 AD2d 110, 110 [1st Dept. 1998]). As such, it appears that Esther Vasquez was well within her rights to refuse to sign the initial renewal offer.
Six and a half months after a subsequent renewal lease offer was executed, DHCR issued its summary order dismissing the complaint because "evidence indicates the tenant has vacated the subject apartment rendering the tenant's complaint moot."
Petitioner argues that despite its lack of evidence to support the conclusion ["tenant has vacated"], respondents are barred from arguing otherwise because of res judicata and collateral estoppel.
Res Judicata and Collateral Estoppel
Res Judicata, knows as "claim preclusion," generally bars a party from relitigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. "The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again." (In re Hunter, 4 NY3d 260, 269 [2005]; Myers v Meyers, 121 AD3d 762, 764-65 [2nd Dept. 2014]).
Collateral estoppel, or issue preclusion, prevents "a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party ... whether or not the ... causes of action are the same." (Simmons v Trans Express, Inc., 37 NY3d 107, 112 [2021] (emphasis added and citations omitted]).
To invoke collateral estoppel, one must show the identical issue was decided in the prior action and is decisive in the present action, and (2) the party had a full and fair opportunity to contest the prior issue (see Kaufman v Lilly Co., 65 NY2d 449, 455 [1985]; Luscher v Arrua, 21 AD3d 1005, 1007 [2nd Dept. 2005]). The issue had to be necessary to support the prior judgment on the merits and had to have been actually litigated. (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984] (emphasis added)).
Both doctrines apply to quasi-judicial determinations (see Ryan v New York Tel. Co., 64 NY2d at 499), including those by DHCR. (see e.g. 9-10 Alden Place v Chen, 279 AD2d 618, 619 [2nd Dept. 2001] (collateral estoppel); Gersten v 56 7th Ave., LLC, 88 AD3d 189, 201 [1st Dept. 2011] (collateral estoppel); Griffin Units, LLC v Walker, 24 Misc 3d 13, 16 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2009] (res judicata); Petros Realty Owners, LLC v Vetrano, 59 Misc 3d 148(A), 2 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2018]).
The Court of Appeals has cautioned, however, that collateral estoppel is an equitable doctrine that should be "grounded on the facts and realities of a particular litigation, rather than rigid rules." (Buechel v Bain, 97 NY2d 295, 303 [2001]). Similarly, it has cautioned that the courts should not dogmatically apply res judicata where "if applied too rigidly could work considerable injustice." (Simmons v Trans Express, Inc., 37 NY3d at 111 (citation omitted)).
The DHCR order here does not have res judicata effect on this matter because it is not a judgment on the merits on any claim. There is no indication that DHCR looked at all the evidence submitted and made an informed decision on the merits of the failure to provide a proper lease renewal claim. Additionally, as no one brought a claim to decide Esther Vasquez' residence, such "claim" was not fully and fairly litigated.
Indeed, since the DHCR has no authority to determine a rent stabilized tenant's primary residence, (see Jopep LLC v Cardo, 83 Misc 3d 129(A), 1 [App Term, 1st Dept. 2024]), any [*5]finding that the tenant resides elsewhere is advisory at best.
Esther Vasquez' actual claim of a renewal lease violation was dismissed on the [mistaken] belief she no longer resided in the apartment. As such, DHCR did not reach the merits of even that claim.
Similarly, collateral estoppel does not apply because the issue of Esther Vasquez's residency was never put before DHCR in her filings and the issue, as raised by DHCR, was not fairly and fully litigated and there was no actual determination of that issue, even if DHCR could render one. (see Jopep LLC v Cardo, 83 Misc 3d 129(A), 1).
Collateral estoppel only applies to issues which were actually litigated, squarely addressed, and specifically decided. (see Ross v Med. Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]; Liddle, Robinson & Shoemaker v. Shoemaker, 309 AD2d 688, 691 [1st Dept. 2003]). An "actual determination" of an issue requires that a party properly raise such an issue by the pleadings or otherwise placed it before the tribunal. (see Halyalka v Board of Regents, 72 NY2d 261, 268 [1988]).
Under this established precedent, giving any preclusive effect to the words in the DHCR order was would "work considerable injustice."
Summary Judgment
Given that the DHCR order has no binding effect on the claims and issues raised in this matter, the court turns to whether respondent is entitled to summary judgment.
On a motion for summary judgment facts must be viewed in the light most favorable to the non-moving party and the motion must be denied where the moving party fails to demonstrate there are no material issues of fact. (see Scurry v New York City Hous. Auth., 39 NY3d 443, 457 [2023]; Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). Only when the movant submits evidence in admissible form that demonstrates the absence of triable issues does the burden shift to the non-moving party to establish there are material issues of fact requiring a trial. (see Bazdaric v Almah Partners, LLC, 41 NY3d 310, 316 [2024], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Here, the tenant of record has established that she has not surrendered or abandoned the premises. As such, petitioner cannot, as a matter of law, establish that any of the respondents are licensees. (see Hok Kwan Chu v Lee, 39 Misc 3d 147(A), 1 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2013]).
Esther Vasquez also raises a second ground for summary judgment in her favor that would require dismissal as to her. Because she has established a 33-year long occupancy, decades long tenancy [at a minimum] and established she has not vacated or surrendered, petitioner was required to name her properly.
CPLR § 1024 allows the naming of an unknown party "by designating so much of his name and identity as is known." Before resorting to a "John Doe" or "Jane Doe" designation, due diligence must be exercised. (see Bumpus v New York City Tr. Auth., 66 AD3d 26, 29 [2nd Dept. 2009]). In other words, the use of these fictitious names should be a last resort. (see Deutsche Bank Nat. Trust Co. V Turner, 32 Misc 3d 1202(A), 3 [Civ Ct, Bronx County 2011]).
There is nothing in the record attesting to the efforts made to ascertain the alleged unknown occupant's name. (see George Tut & Co. v Doe, 20 Misc 3d 815, 820 [Civ Ct, Kings County 2008]).
Furthermore, Esther Vasquez, as the tenant of record with an active lease, having not [*6]surrendered or abandoned the property, is a necessary party. (see Crossroads Assocs., LLC v Amenya, 47 Misc 3d 1216(A), 2 [City Ct, Westchester County 2015]). It is true that courts generally frown on dismissal based on non-joinder. (see Hofstra University v Nassau County Planning Commission, 231 AD3d 1025, 1028 [2nd Dept. 2024]). However, Judge Tom pointed out the impracticability of adding a tenant in a summary proceeding in 45th & Broadway Assocs. v Skyline Enterprises. (see 144 Misc 2d 714, 716 [Civ Ct, New York County 1989] ("The requirement of service of prerequisite notices upon the tenant prior to the institution of an action makes the application of CPLR Section 1003 impractical in summary proceedings of this nature.")).
The court notes that these additional arguments related to the failure to name Esther Vasquez are raised in respondent's moving papers, (see Doc. No. 31), and that petitioner fails to address them in any way.
Even a cursory investigation would have revealed Esther Vasquez' ongoing presence, the known tenant of record, who had/has a lease that does not expire until September 30, 2025. One hopes such a discovery would have short-circuited this entire case.[FN3]

Motion to Strike Defenses
As this matter is dismissed, the balance of petitioner's motion to strike is denied as moot.
Counterclaims
Respondent's counterclaims sound in tort. (see answer at Doc. No. 7 ["...wantonly, purposefully, maliciously, intentionally and with reckless disregard..."]). This court has no authority to hear such claims. As such, they are severed without prejudice to petitioner's defenses. (see Fountains-Clove Road Apts., Inc. v Gunther, 54 Misc 3d 49, 51 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2017]; Town Mgmt. Co. V Leibowitz, 37 Misc 3d 49, 50 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2012] (Civil Court not authorized to hear tort counterclaim and should sever them without passing on their merits)).

CONCLUSION
Based on the foregoing, petitioner's motion to strike is denied partially on the merits and partially as moot. Respondents' motion for summary judgment is granted. Judgment shall enter in respondents' favor dismissing the case.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: April 25, 2025
Queens, New York
SO ORDERED,
HON. SHORAB IBRAHIM, JHC

Footnotes

Footnote 1:Although the initial notice of appearance indicates counsel only represents Melissa Ortega, the answer and subsequent filings make it clear that he represents all respondents, including the unnamed tenant of record. 

Footnote 2:The court notes that had this case survived past summary judgment, the seventh affirmative defense, liberally construed as a succession right defense, would also survive.

Footnote 3:The court notes that this case would also not have been commenced if DHCR had taken a little more care.